1  Alan R. Plutzik (State Bar No. 77785)
   Michael S. Strimling (State Bar No. 96135)
2  **BRAMSON, PLUTZIK, MAHLER**
   **& BIRKHAEUSER LLP**
3  2125 Oak Grove Road
   Walnut Creek, CA 94598
4  Telephone: (925) 945-0200
   Facsimile: (925) 945-8792
5  aplutzik@bramsonplutzik.com
   mstrimling@bramsonplutzik.com
6

7  Mark P. Kindall (State Bar No. 138703)
   Robert A. Izard *(pro hac vice forthcoming)*
8  Jeffrey S. Nobel *(pro hac vice forthcoming)*
   Nicole A. Veno *(pro hac vice forthcoming)*
9  **IZARD NOBEL LLP**
10 29 South Main Street, Suite 305
   West Hartford, CT 06107
11 Telephone: (860) 493-6292
   Facsimile: (860) 493-6290
12 mkindall@izardnobel.com
   rizard@izardnobel.com
13 jnobel@izardnobel.com
   nveno@izardnobel.com
14

15 *Attorneys for Plaintiffs*

16 *[Additional counsel on signature page]*

17
                    UNITED STATES DISTRICT COURT
18
                    EASTERN DISTRICT OF CALIFORNIA
19

20
21 ALBA MORALES and LAINIE COHEN, on          No.
   behalf of themselves and all others similarly
22 situated,
                                              CLASS ACTION COMPLAINT
23                          Plaintiffs,

24              v.
                                              DEMAND FOR JURY TRIAL
25 UNILEVER UNITED STATES, INC.,

26

27                          Defendant.

28

                                    1

Plaintiffs, by their attorneys, on behalf of themselves and all others similarly situated, make the following allegations pursuant to the investigation of their counsel and based on information and belief, except as to allegations pertaining to personal knowledge as to themselves. Plaintiffs believe that substantial additional evidentiary support exists for the allegations set forth herein and will be available after a reasonable opportunity for discovery.

## INTRODUCTION

1.      Defendant Unilever USA ("Defendant" or "Unilever") manufactures, sells and distributes TRESemmé brand hair products throughout the United States. Its "TRESemmé Naturals" line of shampoo and conditioners are marketed and advertised with a campaign that is centered around representations that these products are "Natural." The term "Naturals" appears on the Principal Display Panel ("PDP") of each of the TRESemmé Naturals products listed below (collectively, the "Products"):

   a.   Naturals Nourishing Moisture Shampoo;

   b.   Naturals Nourishing Moisture Conditioner;

   c.   Naturals Radiant Volume Shampoo;

   d.   Naturals Radiant Volume Conditioner;

   e.   Naturals Vibrantly Smooth Shampoo; and

   f.   Naturals Vibrantly Smooth Conditioner.

2.      This action seeks to remedy the unfair and deceptive business practices arising from the marketing and sale of the Products as "Natural."[1] The term "Naturals," which appears prominently next to a green leaf on the PDP of each product, is false and misleading to a reasonable consumer because the Products contain synthetic ingredients.

---

[1] The Merriam-Webster Dictionary defines "natural" as "existing in or produced by nature: not artificial." *See* www.merriam-webster.com/dictionary. The FDA has not defined the term "natural" in the context of cosmetics. To the contrary, on March 7, 2013, the FDA affirmed that "proceedings to define the term 'natural' do not fit within [its] current health and safety priorities." *See* the letter dated March 7, 2013 from the FDA to Plaintiff-Appellant's counsel in *Astiana v. The Hain Celestial Group, Inc.,* Appellate No. 12-cv-17596 (9th Cir.), filed in support of Appellant's Motion for Judicial Notice [ECF No. 8-3] and publicly available on the Ninth Circuit's PACER website.

3.      As stated in Paragraph 17 below, Plaintiffs and the members of the Classes and Subclasses described herein paid a premium for the Products over comparable TRESemmé hair and conditioner products that do not purport to be "Natural."

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over the claims asserted herein individually and on behalf of the Class pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005.   Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; and (2) a substantial number of the members of the proposed class are citizens of a state different from that of Defendant.   Personal jurisdiction is proper as Defendant has purposefully availed itself of the privilege of conducting business activities within the State of California.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6.      Plaintiff Alba Morales is a resident of South Lake Tahoe, California.  Plaintiff purchased TRESemmé Naturals "Nourishing Moisture" Shampoo and Conditioner and "Vibrantly Smooth" Shampoo and Conditioner at a Walmart in Carson City, Nevada in 2013 and Safeway in South Lake Tahoe, California in June 2012.  Plaintiff viewed the product labels set forth in Paragraph 11 prior to purchasing these Products.  As alleged in Paragraph 17 below, Plaintiff paid a premium for these Products over comparable products that do not purport to be natural.

7.      Plaintiff Lainie Cohen is a resident of Canton, Massachusetts.  Plaintiff purchased TRESemmé Naturals "Radiant Volume Shampoo" and TRESemmé Naturals "Vibrantly Smooth Conditioner" at a Target in Stoughton, Massachusetts in April 2013.  Plaintiff viewed the product labels set forth in Paragraph 11 prior to purchasing these Products.  As alleged in Paragraph 17 below, Plaintiff paid a premium for these Products over comparable products that do not purport to be natural.

CLASS ACTION COMPLAINT

8.      Defendant Unilever United States, Inc. is a Delaware corporation with its headquarters and principal place of business at 700 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

## SUBSTANTIVE ALLEGATIONS

9.      Consumers have become increasingly concerned about the effects of synthetic and chemical ingredients in food, cleaning, bath and beauty and everyday household products. Companies such as Unilever have capitalized on the consumer appetite for "natural products." Indeed, consumers are willing to pay, and have paid, a premium for products branded "natural" over ordinary products that contain synthetic ingredients.  In 2010, for example, nationwide sales of natural products totaled $117 billion.[2]

10.     TRESemmé is a brand of hair care products owned, manufactured, marketed and sold by Unilever in drug stores, supermarkets and discount stores across the United States.

11.     Defendant falsely represents that the Products are "natural."  As shown below, the word "Naturals" appears on the Products' PDPs:



_____
[2] http://www.npainfo.org/NPA/About_NPA/NPA/AboutNPA/AbouttheNaturalProductsAssociation.aspx?hkey=8d3a15ab-f44f-4473-aa6e-ba27ccebcbb8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16




17    12.    Moreover, TRESemmé has marketed the Products as "natural" on its website and

18 in television advertisements.  Its website[3] touts the "natural" nature of the Products:

19
20
21
22
23
24
25
26
27

[3] http://www.tresemme.com/product/category/332747/naturals

28



13.    TRESemmé markets the Products in television commercials that falsely represent that the Products are natural.  A television commercial launched in 2010 featured a woman at the hairdresser:



The commercial's narrator states:

My clients want salon quality and **natural ingredients** in products that work. Here's the secret to getting the best of both worlds: New TRESemme Naturals -- formulas with pure natural ingredients bring your hair's natural beauty to life.

Hair is 10x stronger after one use and TRESemmé  naturals with low sulfates won't dry out or damage hair.  **Get salon quality in a natural way**, at a price that feels right.  New TRESemmé Naturals:  Professional, affordable.

[Emphasis added].

14.     The representation "Naturals" constitutes a representation to a reasonable consumer that the Products contain only Natural ingredients and this representation is material to a reasonable consumer.

15.     This representation is false and misleading to a reasonable consumer because contrary to Defendant's representations, the Products contain numerous synthetic ingredients, including ingredients that release formaldehyde, or have a high risk of contamination by 1,4 dioxane (a chemical that is "likely to be carcinogenic to humans").[4]

### THE UNNATURAL INGREDIENTS

16.     Directly contrary to Defendant's misrepresentations, the Products contain the following synthetic ingredients:

a.     **Each of the Shampoo Products** contains the following synthetic ingredients:

    i.     ***Ammonium Laureth Sulfate*** – a synthetic surfactant[5]  susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[6]

    ii.     ***Bisamino PEG/PPG 41/3 Aminoethyl PG Propyl Dimethicone*** – a synthetic polymer used as a hair conditioning agent susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[7]

    iii.     ***Cocamidopropyl Betaine*** – a synthetic surfactant used to boost foaming and control viscosity.[8]

    iv.     ***Dipropylene Glycol*** – a synthetic solvent.[9]

---

[4] http://www.epa.gov/IRIS/subst/0326.htm

[5] A surfactant is a chemical used to stabilize mixtures of oil and water by reducing surface tension to ensure ingredients are evenly distributed throughout the product.

[6] http://www.ewg.org/skindeep/ingredient/700373/AMMONIUM_LAURETH_SULFATE/

[7] http://www.ewg.org/skindeep/ingredient/700774/BISAMINO_PEG%3B%3B_PPG-41%3B%3B_3_AMINOETHYL_PG-PROPYL_DIMETHICONE/

[8] http://www.ewg.org/skindeep/ingredient/701520/COCAMIDOPROPYL_BETAINE/

v. **Disodium EDTA** – a synthetic chelating agent.[10]

vi. **Guar Hydroxypropyltrimonium Chloride** – a synthetic hair conditioning and antistatic agent.[11]

vii. **Hydroxypropyl Methylcellulose** – a synthetic emulsion stabilizer.[12]

viii. **PEG 18 Glyceryl Oleate/Cocoate** – a synthetic skin conditioning agent susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[13]

ix. **Polyquaternium 7-** a synthetic polymer based on quaternary ammonium compounds used as an antistatic and film forming agent.[14]

x. **Quaternium 80** – a synthetic quaternary ammonium salt used as an antistatic and hair conditioning agent.[15]

xi. **Sodium Cocoyl Isethionate** – a synthetic surfactant.[16]

xii. **Sodium Xylene Sulfonate** – a synthetic surfactant.[17]

b. **TRESemmé  Naturals Vibrantly Smooth Shampoo** contains the following additional unnatural synthetic ingredients:

i. **Ammonium Chloride** – a synthetic viscosity controlling agent.[18]

ii. **Ammonium Lauryl Sulfate** – a synthetic surfactant.[19]

---

[9] http://www.ewg.org/skindeep/ingredient/702123/DIPROPYLENE_GLYCOL/

[10] http://www.ewg.org/skindeep/ingredient/702146/DISODIUM_EDTA/

[11]http://www.ewg.org/skindeep/ingredient/702759/GUAR_HYDROXYPROPYLTRIMONIUM_CHLORIDE/

[12]http://www.ewg.org/skindeep/ingredient/703077/HYDROXYPROPYL_METHYLCELLULOSE

[13]http://www.ewg.org/skindeep/ingredient/704535/PEG-18_GLYCERYL_OLEATE%3B%3B_COCOATE/

[14] http://www.ewg.org/skindeep/ingredient/705124/POLYQUATERNIUM-7/

[15] http://www.ewg.org/skindeep/ingredient/705493/QUATERNIUM-80/

[16] http://www.ewg.org/skindeep/ingredient/706048/SODIUM_COCOYL_ISETHIONATE/

[17] http://www.ewg.org/skindeep/ingredient/706207/SODIUM_XYLENE_SULFONATE/

[18] http://www.ewg.org/skindeep/ingredient/700366/AMMONIUM_CHLORIDE/

[19] http://www.ewg.org/skindeep/ingredient/700374/AMMONIUM_LAURYL_SULFATE/

CLASS ACTION COMPLAINT

iii. ***DMDM Hydantoin*** – a synthetic antimicrobial preservative that releases formaldehyde.[20]

iv. ***Fragrance*** – an undisclosed mixture of scent chemicals and ingredients.[21]

v. ***Lauryl Glucoside*** – a synthetic surfactant.[22]

vi. ***Propylene Glycol*** – an organic alcohol used as a skin conditioning agent that has been associated with contact dermatitis and hives.[23]

c. **TRESemmé  Naturals Radiant Volume Shampoo, with Sweet Orange**

contains the following additional unnatural synthetic ingredients:

i. ***Amino Methyl Propanol*** – a synthetic buffering agent susceptible to contamination by nitrosamines, a carcinogen.[24]

ii. ***Methylchloroisothiazolinone*** – a synthetic preservative associated with allergic reactions.[25]

iii. ***Methylisothiazolinone*** – a synthetic preservative associated with allergic reactions that may be neurotoxic.[26]

d. **TRESemmé  Naturals Nourishing Moisture Shampoo** contains the following

additional unnatural synthetic ingredients:

i. ***Amino Methyl Propanol*** – See Paragraph 16(c)(i);

ii. ***Ammonium Chloride*** – See Paragraph 16(b)(i).

iii. ***DMDM Hydantoin*** – See Paragraph 16(b)(iii).

iv. ***Fragrance*** – See Paragraph 16(b)(iv).

v. ***Lauryl Glucoside*** – See Paragraph 16(b)(vi).

vi. ***Propylene Glycol*** – See Paragraph 16(b)(vi).

---

[20] http://www.ewg.org/skindeep/ingredient/702196/DMDM_HYDANTOIN/

[21] http://www.ewg.org/skindeep/ingredient.php?ingred06=702512#.

[22] http://www.ewg.org/skindeep/ingredient/703445/LAURYL_GLUCOSIDE/

[23] http://www.ewg.org/skindeep/ingredient/705315/PROPYLENE_GLYCOL/#

[24] http://www.ewg.org/skindeep/ingredient/700348/AMINOMETHYL_PROPANOL/

[25] http://www.ewg.org/skindeep/ingredient/703924/METHYLCHLOROISOTHIAZOLINONE

[26] http://www.ewg.org/skindeep/ingredient/703935/METHYLISOTHIAZOLINONE/

1          vii.   ***Sodium Methyl Lauroyl Taurate*** – a synthetic surfactant.[27]

2        e.   **Each of the Conditioner Products** contains the following unnatural synthetic

3    ingredients:[28]

4          i.   ***Brassica Campestris/Aleurites Fordi Oil Copolymer*** – a synthetic film former.[29]

5          ii.   ***Fragrance*** – see Paragraph 16(b)(iv).

6

7          iii.   ***Lauroyl Lysine*** – a synthetic hair conditioning agent.[30]

8          iv.   ***Stearamidopropyl Dimethylamine*** – a synthetic skin conditioning agent.[31]

9        f.   **TRESemmé  Naturals Nourishing Moisture Conditioner, Aloe Vera and**

10   **Avocado and TRESemmé  Naturals Radiant Volume Conditioner** additionally contain the

11   following unnatural synthetic ingredients:

12         i.   ***Behentrimonium Chloride*** – a quaternary ammonium salt used as a conditioner.[32]

13

14         ii.   ***Cetearyl Alcohol*** – a synthetic emulsion stabilizer.[33]

15         iii.   ***Dipropylene Glycol*** – see Paragraph 16(a)(iv).

16         iv.   ***Disodium EDTA*** – see Paragraph 16(a)(v).

17         v.   ***DMDM Hydatoin*** – see Paragraph 16(b)(iii).

18   [27]http://www.ewg.org/skindeep/ingredient/706123/SODIUM_METHYL_LAUROYL_TAURAT

19   E

20   [28]Upon information and belief, prior to May 2013, TRESemmé Naturals Radiant Volume
     Conditioner and TRESemmé  Naturals Nourishing Moisture Conditioner Aloe Vera and

21   Avocado contained each of the ingredients listed in Paragraph 16(g)(i)-(iv) as well as
     Stearamidopropyl Dimethylamine, Fragrance and Lauryl Lysine.

22

23   [29]http://www.ewg.org/skindeep/ingredient/700820/BRASSICA_CAMPESTRIS%3B%3B_ALE

24   URITES_FORDI_OIL_COPOLYMER/

25   [30] http://www.ewg.org/skindeep/ingredient/703434/LAUROYL_LYSINE/

     [31]http://www.ewg.org/skindeep/ingredient/706289/STEARAMIDOPROPYL_DIMETHYLAMI

26   NE/

27   [32] http://www.ewg.org/skindeep/ingredient/700657/BEHENTRIMONIUM_CHLORIDE/

28   [33] http://www.ewg.org/skindeep/ingredient/701236/CETEARYL_ALCOHOL/

vi. ***Methylchloroisothiazolinone*** – see Paragraph 15(c)(ii).

vii. ***Methylisothiazolinone*** – see Paragraph 16(c)(iii).

viii. ***PEG 150 Distearate*** – a synthetic surfactant susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[34]

ix. ***Potassium Chloride*** – a synthetic viscosity controlling agent.[35]

g. **TRESemmé  Naturals Vibrantly Smooth Conditioner** additionally contains the following unnatural synthetic ingredients:

i. ***Cetyl Alcohol*** – a synthetic emulsion stabilizer.[36]

ii. ***Distearyldimonium Chloride*** – a quaternary ammonium salt that functions as an antistatic agent and hair conditioning agent.[37]

iii. ***Isopropyl Alcohol --*** a synthetic viscosity controlling agent.[38]

iv. ***Stearyl Alcohol*** – a synthetic emulsion stabilizer.[39]

17. As set forth herein, Plaintiffs and the members of the Classes and Subclasses described below suffered an ascertainable loss in at least the following amounts, in that they paid a premium for the Products over comparable TRESemmé brand products that are not marketed as consisting of natural ingredients:

| Mislabeled natural product | Price | Price per ounce |
|---|---|---|
| TRESemmé  Naturals Shampoo (Vibrantly Smooth, Nourishing Moisture, Radiant Volume) | $5.89-$6.39/25 oz[40] | $0.24-0.26/oz |

[34] http://www.ewg.org/skindeep/ingredient/704526/PEG-150_DISTEARATE/

[35] http://www.ewg.org/skindeep/ingredient/705191/POTASSIUM_CHLORIDE/

[36] http://www.ewg.org/skindeep/ingredient/701263/CETYL_ALCOHOL/

[37] http://www.ewg.org/skindeep/ingredient/702183/DISTEARYLDIMONIUM_CHLORIDE/

[38] http://www.ewg.org/skindeep/ingredient/703198/ISOPROPYL_ALCOHOL/

[39] http://www.ewg.org/skindeep/ingredient/706325/STEARYL_ALCOHOL/

[40]http://www.drugstore.com/tresemme-naturals-vibrantly-smooth-shampoo/qxp358754?catid=183504

| Comparable product not labeled "natural" | Price | Price per ounce |
|---|---|---|
| TRESemmé  Smooth and Silky Shampoo | $5.99/32oz [41] | $0.19 |
| *Premium paid per ounce* | | $0.05-$0.07 |
| *Premium paid per 25 oz product* | | *$1.20-$1.75* |

| Mislabeled natural product | Price | Price per ounce |
|---|---|---|
| TRESemmé  Naturals Conditioner (Vibrantly Smooth, Nourishing Moisture, Radiant Volume) | $5.89-$6.39/25 oz [42] | $0.24-0.26/oz |
| Comparable product not labeled "natural" | Price | Price per ounce |
| TRESemmé  Smooth and Silky Conditioner | $5.99/32oz [43] | $0.19 |
| *Premium paid per ounce* | | $0.05-$0.07 |
| *Premium paid per 25 oz product* | | *$1.25-$1.75* |

18.     Based on the foregoing, Plaintiffs and the Classes have been damaged.

## CLASS ACTION ALLEGATIONS

19.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and the Classes (the "Classes") defined as follows:

a.     All purchasers of the Products in the States of Alabama, Alaska, Arkansas, California, Connecticut, Delaware, Florida, Hawaii, Illinois, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Missouri, Montana, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Ohio, Rhode Island, South Carolina, Tennessee, Vermont, Washington, West Virginia, Wisconsin and the District of Columbia who

---

[41] http://www.drugstore.com/tresemme-smooth-and-silky-shampoo/qxp193984

[42] http://www.drugstore.com/tresemme-naturals-vibrantly-smooth-shampoo/qxp358754?catid=183504

[43] http://www.drugstore.com/tresemme-smooth-and-silky-conditioner/qxp193988?catid=183403

purchased the Products primarily for personal, family or household purposes. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; any affiliate, legal representative, heir or assign of Defendant; the judge to whom this case is assigned and any member of the judge's immediate family (the "Count V Class"); in the alternative,

b.   All purchasers of the Products in the States of Alaska, Arkansas, California, Connecticut, Delaware, Florida, Hawaii, Illinois, Kentucky, Maine, Maryland, Massachusetts, Michigan, Missouri, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Ohio, Rhode Island, Vermont, Washington, West Virginia, Wisconsin and the District of Columbia who purchased the Products primarily for personal, family or household purposes. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; any affiliate, legal representative, heir or assign of Defendant; the judge to whom this case is assigned and any member of the judge's immediate family (the "Count IV Class").

   i.   Plaintiff Cohen seeks to represent the following Subclass:

   All purchasers of the Products in the State of Massachusetts who purchased the Products primarily for personal, family or household purposes. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family (the "Massachusetts Subclass").

   ii.   Plaintiff Morales seeks to represent the following Subclass:

   All purchasers of the Products in the State of California who purchased the Products primarily for personal, family or household purposes. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family (the "California Subclass").

20.   Additionally, Plaintiff Morales seeks to represent the following Class and Subclass:

A class of all purchasers of the Products in the States of Colorado, Kansas, Minnesota, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South

CLASS ACTION COMPLAINT

Dakota and Utah who purchased the Products primarily for personal, family or household purposes.  Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; any affiliate, legal representative, heir or assign of Defendant; the judge to whom this case is assigned and any member of the judge's immediate family (the "Count VII Class"); and

> A subclass of all purchasers of the Products in the State of Nevada who purchased the Products primarily for personal, family or household purposes.  Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family (the "Nevada Subclass").

21.     The members of the Classes and Subclasses are so numerous that joinder of all members is impractical, as the products are sold in thousands of stores nationwide, including Walmart, Target and Walgreens.  Upon information and belief, the Classes and Subclasses each include thousands of persons who have purchased the Products.

22.     Plaintiffs' claims are typical of the claims of the members of the Classes and Subclasses because Plaintiffs' claims, and the claims of all Class members, arise out of the same conduct, policies and practices of Defendant as alleged herein, and all members of the Classes and Subclasses are similarly affected by Defendant's wrongful conduct.

23.     There are questions of law and fact common to the Classes and Subclasses and these questions predominate over questions affecting only individual Class and Subclass members.  Common legal and factual questions include, but are not limited to:

    a.   whether Defendant markets the Products in a way that is unfair, deceptive, false or misleading to a reasonable consumer;

    b.   whether, by the misconduct set forth in this Complaint, Defendant has engaged in unfair, deceptive, or unlawful business practices with respect to the advertising, marketing, and sales of its Products;

    c.   whether Defendant's conduct constitutes fraudulent, unfair, or unlawful conduct; and

CLASS ACTION COMPLAINT

d.   whether, as a result of Defendant's misconduct alleged herein,  Plaintiffs and the Classes and Subclasses are entitled to restitution, injunctive and/or other monetary relief.

24.   Plaintiffs will fairly and adequately represent the Classes and Subclasses and have retained counsel experienced and competent in the prosecution of consumer and class action litigation.  Plaintiffs have no interests antagonistic to those of other members of the Classes or Subclasses.  Plaintiffs are committed to the vigorous prosecution of this action and anticipate no difficulty in the management of this litigation as a class action.

25.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy within the meaning of Rule 23(b) and in consideration of the matters set forth in Rule 23(b)(3)(A)-(D).   Because of the amount of the individual Class members' claims relative to the complexity of the litigation and the financial resources of the Defendant, few, if any, members of the Classes or Subclasses would seek legal redress individually for the wrongs complained of here.   The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.   Absent a class action, Class members will continue to suffer damages and Defendant's misconduct will proceed without remedy.

## **COUNT I**

**(Violation of the Unfair Competition Law (the "UCL") Cal. Bus. & Prof. Code §17200, *et seq*. Based on Fraudulent, Unlawful and Unfair Acts and Practices brought by Plaintiff Morales on behalf of the California Subclass)**

26.   The foregoing allegations are realleged and incorporated by reference as if fully set forth herein.

27.   Plaintiff Morales asserts Count I on behalf of herself and the California Subclass.

28.   Under the UCL, "any unlawful, unfair or fraudulent business act or practice" constitutes unfair competition.

CLASS ACTION COMPLAINT

*Fraudulent Acts and Practices*

29.    Any business act or practice that is likely to deceive members of the public constitutes a fraudulent business act or practice under the UCL.

30.    Defendant has engaged, and continues to engage, in conduct that is likely to deceive members of the public.  This conduct includes, but is not limited to, representing the Products as "Natural," leading consumers to believe the Products contained only natural ingredients.

31.    By committing the acts alleged above, Defendant has engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of Cal. Bus. & Prof. Code §17200.

*Unlawful Acts and Practices*

32.    The violation of any law constitutes an unlawful business practice under Cal. Bus. & Prof. Code §17200.

33.    Defendant's conduct violates Section 5 of the Federal Trade Commission ("FTC") Act, 15 U.S.C. § 45, which prohibits unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce.  By representing that the Products are "Natural" when, in fact, the products contain numerous synthetic ingredients, Defendant violated Section 5 of the FTC Act.

34.    Defendant's conduct also violates Cal. Health & Safety Code § 111730, which prohibits the sale of any misbranded cosmetic product.  The Products, that bear labeling representing them as "Natural" are "false and misleading in any particular" in violation of Health & Safety Code § 111730.

35.    By violating the FTC Act and/or Cal. Health & Safety Code § 111730, Defendant has engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Cal. Bus. & Prof. Code §17200.

*Unfair Acts and Practices*

36.    Any business practice that offends an established public policy or is immoral,

1  unethical, oppressive, unscrupulous, or substantially injurious to consumers constitutes an

2  "unfair" practice under the UCL.

3         37.    Defendant has engaged, and continues to engage, in unfair business practices.

4  This conduct includes representing that the Products are "Natural" when, in fact, they contain

5  numerous synthetic and unnatural ingredients.

6         38.    Defendant has engaged, and continues to engage, in conduct that violates the

7  legislatively declared policies of the FTC Act against committing unfair methods of competition

8  and unfair or deceptive acts or practices in or affecting commerce.  Defendant gains an unfair

9  advantage over its competitors, whose advertising for Products must comply with the FTC Act.

10        39.    Defendant's conduct, including misrepresenting the benefits of the Products, is

11 substantially injurious to consumers.  Such conduct has caused, and continues to cause,

12 substantial injury to consumers because consumers would not have paid such a high price for the

13 Products but for Defendant's false promotion that the Products are "Natural."  Consumers have

14 thus overpaid for the Products and such injury is not outweighed by any countervailing benefits

15 to consumers or competition.

16        40.    No benefit to consumers or competition results from Defendant's conduct.  Since

17 consumers reasonably rely on Defendant's representations of the products and injury results from

18 ordinary use of the Products, consumers could not have reasonably avoided such injury.

19        41.    By committing the acts alleged above, Defendant has engaged in unfair business

20 acts and practices which constitute unfair competition within the meaning of the UCL.

21        42.     As a result of the conduct described above, Defendant has been unjustly

22 enriched at the expense of Plaintiffs, the Class, and the California Subclass.

23        43.    An action for injunctive relief and restitution is specifically authorized under Cal.

24 Bus. & Prof. Code §17203.

25        44.    Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

26

27

28

CLASS ACTION COMPLAINT

### COUNT II

**(Violation of the Consumers Legal Remedies Act (the "CLRA"),
Cal. Civ. Code §1750 *et seq.*, brought by Plaintiff Morales on behalf of the California
Subclass – Injunctive Relief Only)**

45.     The foregoing allegations are realleged and incorporated by reference as if fully set forth herein.

46.     Plaintiff Morales asserts Count II on behalf of herself and the California Subclass.

47.     Plaintiff Morales and each member of the Class and California Subclass are "consumers" within the meaning of Cal. Civ. Code §1761(d).

48.     The purchases of the Products constitute "transactions" within the meaning of Cal. Civ. Code §1761(e) and the Products offered by Defendant constitute "goods" within the meaning of Cal. Civ. Code §1761(a).

49.     The acts and practices of Defendant as described above were intended to deceive Plaintiffs and members of the Class as described herein, and have resulted, and will result, in damages to Plaintiffs, the Class and the California Subclass.  These actions violated and continue to violate the CLRA in at least the following respects:

a.     In violation of Section 1770(a)(5) of the CLRA, Defendant's acts and practices constitute representations that the Products have characteristics, uses and/or benefits which they do not;

b.     In violation of Section 1770(a)(7) of the CLRA, Defendant's acts and practices constitute representations that the Products are of a particular standard, grade or quality which they are not; and

c.     In violation of Section 1770(a)(9) of the CLRA, Defendant's acts and practices constitute the advertisement of the goods in question without the intent to sell them as advertised.

50.     By reason of the foregoing, Plaintiffs and the Class have suffered an ascertainable loss and damages.

51.     By committing the acts alleged above, Defendant has violated the CLRA.

52.     In compliance with the provisions of Cal. Civ. Code § 1782, Plaintiffs are

1    providing written notice to Defendant concurrently with the filing of this Complaint regarding

2    their intention to amend the Complaint to seek damages under Cal. Civ. Code § 1750, *et seq*.,

3    unless Defendant offers appropriate consideration or other remedy to all affected consumers.

4    Plaintiffs intend to amend this Complaint to seek damages pursuant to Cal. Civ. Code § 1781(a)

5    should Defendant fail to adequately and fully compensate Plaintiffs and the Class.

6          53.    Plaintiff and members of the California Subclass are entitled to, pursuant to Cal.

7    Civ. Code § 1780(1)(2), an order enjoining the above-described wrongful acts and practices of

8    Defendant, and ordering the payment of costs and attorneys' fees and any other relief deemed

9    appropriate and proper by the Court under Cal. Civ. Code § 1780.

10         54.    Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

11   

**COUNT III**

12
13   

**(Violation of the Massachusetts Consumer Protection Act (the "MCPA"),
Mass. Gen. Laws Ann. ch. 93A)
(Brought by Plaintiff Cohen on Behalf of the Massachusetts Subclass)**

14         55.    Plaintiff Cohen restates the foregoing allegations as though fully pled herein.

15         56.    Plaintiff Cohen asserts Count III behalf of herself and the Massachusetts Subclass.

16
17         57.    Defendant is engaged in trade or commerce in the State of Massachusetts because
Defendant offers for sale and distributes the Products in the State of Massachusetts.

18
19         58.    Upon information and belief, Defendant does not maintain a place of business or
keep assets in the State of Massachusetts.

20
21
22
23         59.    By representing that the Products are "Natural" when the Products contain
numerous unnatural synthetic ingredients, Defendant has engaged in unfair methods of
competition and unfair and deceptive acts and practices within the meaning of Mass. Gen. Laws
Ann. ch. 93A, § 2(a).

24
25
26         60.    Plaintiff suffered an injury as a result of Defendant's unlawful acts and practices
by paying a premium for the Products over comparable products that are not represented to be
Natural.

27
28

61.     Wherefore, Plaintiff and the Massachusetts Subclass are entitled to damages and other appropriate relief, as set forth below.

## COUNT IV

### (Violation of State Consumer Protection Laws)
### (Brought by Plaintiffs on Behalf of the Count IV Class)

62.     Plaintiffs restate the foregoing allegations as if alleged fully herein.

63.     Plaintiffs assert Count IV on behalf of themselves and the Count IV Class under the state laws listed in Paragraph 64 below.

64.     The practices discussed above all constitute unfair competition or unfair, unconscionable, deceptive, or unlawful acts or business practices in violation of the following state consumer protection statutes:[44]

a.  **Alaska Unfair Trade Practices and Consumer Protection Act**, Alaska Stat. § 45.50.471, *et seq.*;

b.  **Arkansas Deceptive Trade Practices Act**, Ark. Code Ann. § 4-88-101, *et seq.*;

c.  **California Consumer Legal Remedies Act**, Cal. Civ. Code § 1750 *et seq.*, **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200 *et seq.*;

d.  **Connecticut Unfair Trade Practices Act**, Conn. Gen. Stat. § 42-110a, *et seq.*;

e.  **Delaware Consumer Fraud Act**, Del. Code Ann. tit. 6, § 2511, *et seq.*;

f.  **District of Columbia Consumer Protection Procedures Act,** D.C. Code § 28-3901, *et seq.*;

g.  **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

h.  **Hawaii Unfair and Deceptive Practices Act**, Hawaii Rev. Stat. § 480-1, *et seq.*;

i.  **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

j.  **Kentucky Consumer Protection Act**, Ky. Rev. Stat. Ann. § 367.110, *et seq.*;

k.  **Maine Unfair Trade Practices Act**, Me. Rev. Stat. tit. 5, § 205-A, *et seq.*;

---

[44] There is no material conflict between these state statutes and the CLRA, the UCL, or the MCPA because these state statutes (1) do not require reliance by unnamed class members; (2) do not require scienter; and (3) allow class actions.

CLASS ACTION COMPLAINT

l.   **Maryland Consumer Protection Act**, Md. Code Ann., Com. Law § 13-101, *et seq.*;

m.   **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1, *et seq.*;

n.   **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901, *et seq.*;

o.   **Missouri Merchandising Practices Act**, Mo. Rev. Stat. § 407.010, *et seq.*;

p.   **Nebraska Consumer Protection Act**, Neb. Rev. Stat. § 59-1601, *et seq.*;

q.   **New Hampshire Consumer Protection Act**, N.H. Rev. Stat. Ann. § 358-A:1, *et seq.*;

r.   **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

s.   **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349, *et seq.*;

t.   **North Carolina Unfair Trade Practice Act**, N.C. Gen. Stat. § 75-1.1, *et seq.*;

u.   **Ohio Consumer Sales Practice Act**,  Ohio Rev. Code Ann. § 1345.01, *et seq.*;

v.   **Rhode Island Unfair Trade Practices and Consumer Protection Act**, R.I. Gen. Laws § 6-13.1-1, *et seq.*;

w.   **Vermont Consumer Fraud Act**, Vt. Stat. Ann. tit. 9, § 2451, *et seq.*;

x.   **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

y.   **West Virginia Consumer Credit and Protection Act,** W. Va. Code Ann. § 46A-6-101, *et seq.*; and

z.   **Wisconsin Deceptive Trade Practices Act**, Wis. Stat. § 100.18, *et seq.*

65.     Plaintiffs and the Count IV Class are entitled to recover damages and receive appropriate equitable relief, as alleged below.

## COUNT V

**(Violation of State Consumer Protection Laws)**
**(Brought by Plaintiffs on Behalf of the Count V Class)**

66.     Plaintiffs restate the foregoing allegations as if alleged fully herein.

21

67.     Plaintiffs assert Count V on behalf of themselves and the Count V Class under the state laws listed in Paragraph 68 below.

68.     The practices discussed above all constitute unfair competition or unfair, unconscionable, deceptive, or unlawful acts or business practices in violation of the following state consumer protection statutes:[45]

    a.  **Alabama Deceptive Trade Practices Act**, Ala. Code § 8-19-1, *et seq.*;

    b.  **Alaska Unfair Trade Practices and Consumer Protection Act**, Alaska Stat. § 45.50.471, *et seq.*;

    c.  **Arkansas Deceptive Trade Practices Act**, Ark. Code Ann. § 4-88-101, *et seq.*;

    d.  **California Consumer Legal Remedies Act**, Cal. Civ. Code § 1750, *et seq.*, **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200, *et seq.*;

    e.  **Connecticut Unfair Trade Practices Act**, Conn. Gen. Stat. § 42-110a, *et seq.*;

    f.  **Delaware Consumer Fraud Act**, Del. Code Ann. tit. 6, § 2511, *et seq.*;

    g.  **District of Columbia Consumer Protection Procedures Act,** D.C. Code § 28-3901, *et seq.*;

    h.  **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

    i.  **Hawaii Unfair and Deceptive Practices Act**, Hawaii Rev. Stat. § 480-1, *et seq.*;

    j.  **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

    k.  **Kentucky Consumer Protection Act**, Ky. Rev. Stat. Ann. § 367.110, *et seq.*;

    l.  **Louisiana Unfair Trade Practices and Consumer Protection Law**, La. Rev. Stat. Ann. § 51:1401, *et seq.*;

    m.  **Maine Unfair Trade Practices Act**, Me. Rev. Stat. tit. 5, § 205-A, *et seq.*;

---

[45] These state statutes do not materially conflict with the CLRA, the UCL, or the MCPA.  The statutes include those statutes listed in Paragraph 64 as well as additional states whose statutes, like the CLRA the UCL, and the MCPA, do not require reliance by unnamed class members or scienter, but do not permit class actions.  Under *Shady Grove Orthopedic Assoc's v. Allstate Ins. Co.*, 559 U.S. 393, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010), class actions may be brought under these state statutes in federal court under Federal Rules of Civil Procedure Rule 23.

CLASS ACTION COMPLAINT

n.  **Maryland Consumer Protection Act**, Md. Code Ann., Com. Law § 13-101, *et seq.*;

o.  **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1 *et seq.*;

p.  **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901 *et seq.*;

q.  **Missouri Merchandising Practices Act**, Mo. Rev. Stat. § 407.010, *et seq.*;

r.  **Montana Unfair Trade Practices and Consumer Protection Act,** Mont. Code Ann. § 30-14-101, *et seq.*;

s.  **Nebraska Consumer Protection Act**, Neb. Rev. Stat. § 59-1601, *et seq.*;

t.  **New Hampshire Consumer Protection Act**, N.H. Rev. Stat. Ann. § 358-A:1, *et seq.*;

u.  **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

v.  **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349, *et seq.*;

w.  **North Carolina Unfair Trade Practice Act**, N.C. Gen. Stat. § 75-1.1, *et seq.*;

x.  **Ohio Consumer Sales Practice Act**,  Ohio Rev. Code Ann. § 1345.01, *et seq.*;

y.  **Rhode Island Unfair Trade Practices and Consumer Protection Act**, R.I. Gen. Laws § 6-13.1-1, *et seq.*;

z.  **South Carolina Unfair Trade Practices Act**, S.C. Code Ann. § 39-5-10, *et seq.*;

aa. **Tennessee Consumer Protection Act of 1977**, Tenn. Code Ann. § 47-18-101, *et seq.*;

bb. **Vermont Consumer Fraud Act**, Vt. Stat. Ann. tit. 9, § 2451, *et seq.*;

cc. **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

dd. **West Virginia Consumer Credit and Protection Act,** W. Va. Code Ann. § 46A-6-101, *et seq.*; and

ee. **Wisconsin Deceptive Trade Practices Act**, Wis. Stat. § 100.18, *et seq.*

69.  Plaintiffs and the Count V Class are entitled to recover damages and receive appropriate equitable relief, as alleged below.

## COUNT VI

CLASS ACTION COMPLAINT

**(Violation of the Nevada Deceptive Trade Practices Act,**
**Nev. Rev. Stat. Ann. § 598.0903, *et seq.* (the "NDTPA"))**
**(Brought by Plaintiff Morales on behalf of the Nevada Subclass)**

70.    Plaintiff restates all prior allegations as though fully pled herein.

71.    Plaintiff Morales asserts Count VI individually and on behalf of the Nevada Subclass.

72.    Plaintiff Morales is a person who is a victim of consumer fraud within the meaning of Nev. Rev. Stat. Ann. § 41.600.

73.    Defendant knew, or should have known, that its representations were false and/or misleading to a reasonable consumer.

74.    Defendant's misrepresentations constitute the following practices prohibited by Nev. Rev. Stat. Ann. § 598.0915:

> 5.    Knowingly mak[ing] a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith; and

> 7.    Represent[ing] that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he or she knows or should know that they are of another standard, quality, grade, style or model;

75.    Plaintiff suffered an injury as a result of Defendant's unlawful acts and practices by paying a premium for the Products over comparable products that are not represented to be Natural.

76.    Wherefore, Plaintiff and the Nevada Subclass are entitled to damages and other appropriate relief, as set forth below.

## COUNT VII

**(Violation of State Consumer Protection Laws)**
**(Brought by Plaintiff Morales on Behalf of the Count VII Class)**

77.    Plaintiff Morales restates the foregoing allegations as if alleged fully herein.

78.     Plaintiff Morales asserts Count VII on behalf of herself and the Count VII Class under the state laws listed in Paragraph 80 below.

79.     Defendant knew, had reason to know, and/or intended others rely on, its false and misleading misrepresentations.

80.     The practices discussed above all constitute unfair competition or unfair, unconscionable, deceptive, or unlawful acts or business practices in violation of the following state consumer protection statutes:[46]

a.  **Colorado Consumer Protection Act**, Colo. Rev. Stat. § 6-1-101, *et seq.*;

b.  **Kansas Consumer Protection Act**, Kan. Stat. Ann. § 50-623, *et seq.*;

c.  **Minnesota Prevention of Consumer Fraud Act**, Minn. Stat. § 325F.68 *et seq.*, **False Statement in Advertising Act**, Minn. Stat. § 325F.67, *et seq.*;

d.  **Nevada Trade Regulation and Practices Act**, Nev. Rev. Stat. § 598.0903, *et seq.*;

e.  **New Mexico Unfair Trade Practices Act**, N.M. Stat. Ann. § 57-12-1, *et seq.*;

f.  **North Dakota Unfair Trade Practices Law**, N.D. Cent. Code § 51-15-01, *et seq.*;

g.  **Oklahoma Consumer Protection Act**, Okla. Stat. tit. 15, § 751, *et seq.*;

h.  **Oregon Unlawful Trade Practices Law,** Or. Rev. Stat. § 646.605, *et seq.*;

i.  **South Dakota Deceptive Trade Practices and Consumer Protection Law**, S.D. Codified Laws § 37-24-1 *et seq.*; and

j.  **Utah Consumer Sales Practices Act**, Utah Code Ann. § 13-11-1, *et seq.*

81.     Plaintiff suffered an injury as a result of Defendant's unlawful acts and practices by paying a premium for the Products over comparable products that are not represented to be Natural.

---

[46] These state statutes do not materially conflict with the NDTPA. The statutes, like the NDTPA, allow class actions, do not require reliance by unnamed class members, and require a showing of the Defendant's knowledge, constructive knowledge, and/or intent others rely on its misrepresentation.

82.     Wherefore, Plaintiff and the Count VII Class are entitled to damages and other appropriate relief, as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief against Defendant as follows:

A.      For an Order certifying the Classes and Subclasses described herein and appointing Plaintiffs as Class Representatives and their attorneys as Class Counsel;

B.      that the Court preliminarily and permanently enjoin Defendant from conducting its business through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in this Complaint;

C.      that the court order Defendant to notify each and every class member who purchased the Products of the pendency of the claims in this action in order to give such individuals and businesses an opportunity to obtain restitution from Defendant;

D.      that the Court order Defendant to pay restitution to restore to all affected persons all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or a fraudulent business act or practice, untrue or misleading advertising, plus pre- and post-judgment interest thereon;

E.      that the Court order Defendant to disgorge all monies wrongfully obtained and all revenues and profits derived by Defendant as a result of its acts or practices as alleged in this Complaint;

F.      that the Court grant Plaintiffs their reasonable attorneys' fees and costs of suit pursuant to Cal. Civ. Proc. Code § 1021.5, Cal. Civ. Code § 1780(e), the common fund doctrine and/or any other appropriate legal theory;

G.      with respect to the Massachusetts Subclass: actual damages, appropriate equitable relief, double or treble damages and attorneys' fees and costs;

H.      with respect to the Nevada Subclass and the Count VII Class: actual damages, costs, and attorneys' fees; and

I.      that the Court grant such other and further relief as may be just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action so triable.

DATED:  October 22, 2013

Respectfully submitted

By: _____
Alan R. Plutzik (State Bar No. 77785)
Michael S. Strimling (State Bar No. 96135)
**BRAMSON, PLUTZIK, MAHLER
& BIRKHAEUSER LLP**
2125 Oak Grove Road
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
aplutzik@bramsonplutzik.com
mstrimling@bramsonplutzik.com

Mark P. Kindall (State Bar No. 138703)
Robert A. Izard *(pro hac vice forthcoming)*
Jeffrey S. Nobel *(pro hac vice forthcoming)*
Nicole A. Veno *(pro hac vice forthcoming)*
**IZARD NOBEL LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290

Joseph J. DePalma
Katrina Carroll
**LITE DEPALMA GREENBERG, LLC**
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com
kcarroll@litedepalma.com

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT