**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER LLP**
Alan R. Plutzik (State Bar No. 77785)
Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
aplutzik@bramsonplutzik.com
mstrimling@bramsonplutzik.com

**IZARD NOBEL LLP**
Mark P. Kindall (State Bar No. 138703)
Robert A. Izard (pro hac vice forthcoming)
Jeffrey S. Nobel (pro hac vice forthcoming)
Nicole A. Veno (pro hac vice forthcoming)
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
mkindall@izardnobel.com
rizard@izardnobel.com
jnobel@izardnobel.com
nveno@izardnobel.com

*Attorneys for Plaintiffs*

*[Additional counsel on signature page]*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBA MORALES and LAINIE COHEN, on behalf of themselves and all others similarly situated, | No. 2:13-cv-02213-WBS-EFB |
| Plaintiffs, | FIRST AMENDED CLASS ACTION COMPLAINT |
| v. | |
| UNILEVER UNITED STATES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

1    Plaintiffs, by their attorneys, on behalf of themselves and all others similarly situated,

2    make the following allegations pursuant to the investigation of their counsel and based on

3    information and belief, except as to allegations pertaining to personal knowledge as to

4    themselves.   Plaintiffs believe that substantial additional evidentiary support exists for the

5    allegations set forth herein and will be available after a reasonable opportunity for discovery.

6                                    **INTRODUCTION**

7    1.    Defendant Unilever USA ("Defendant" or "Unilever") manufactures, sells and

8    distributes   TRESemmé brand   hair   products   throughout   the   United   States.     Its

9    "TRESemmé Naturals" line of shampoo and conditioners are marketed and advertised with a

10   campaign that is centered around representations that these products are "Natural."  The term

11   "Naturals" appears on the Principal Display Panel ("PDP") of each of the TRESemmé  Naturals

12   products listed below (collectively, the "Products"):

13       a.  Naturals Nourishing Moisture Shampoo;

14       b.  Naturals Nourishing Moisture Conditioner;

15       c.  Naturals Radiant Volume Shampoo;

16       d.  Naturals Radiant Volume Conditioner;

17       e.  Naturals Vibrantly Smooth Shampoo; and

18       f.  Naturals Vibrantly Smooth Conditioner.

19   2.    This action seeks to remedy the unfair and deceptive business practices arising

20   from the marketing and sale of the Products as "Natural."[1]  The term "Naturals," which appears

21   prominently next to a green leaf on the PDP of each product, is false and misleading to a

22   reasonable consumer because the Products contain synthetic ingredients.

23   _____

24   [1] The Merriam-Webster Dictionary defines "natural" as "existing in or produced by nature: not
     artificial."  *See* www.merriam-webster.com/dictionary. The FDA has not defined the term

25   "natural" in the context of cosmetics. To the contrary, on March 7, 2013, the FDA affirmed that
     "proceedings to define the term 'natural' do not fit within [its] current health and safety

26   priorities."  *See* the letter dated March 7, 2013 from the FDA to Plaintiff-Appellant's counsel in
     *Astiana v. The Hain Celestial Group, Inc.,* Appellate No. 12-cv-17596 (9th Cir.), filed in support

27   of Appellant's Motion for Judicial Notice [ECF No. 8-3] and publicly available on the Ninth
     Circuit's PACER website.

28

3.       As stated in Paragraph 17 below, Plaintiffs and the members of the Class and Subclasses described herein paid a premium for the Products over comparable TRESemmé hair and conditioner products that do not purport to be "Natural."

**JURISDICTION AND VENUE**

4.       This Court has original jurisdiction over the claims asserted herein individually and on behalf of the Class pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005.   Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; and (2) a substantial number of the members of the proposed class are citizens of a state different from that of Defendant.   Personal jurisdiction is proper as Defendant has purposefully availed itself of the privilege of conducting business activities within the State of California.

5.       Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

6.       Plaintiff Alba Morales is a resident of South Lake Tahoe, California.   Plaintiff purchased  TRESemmé Naturals "Nourishing Moisture" Shampoo and Conditioner and "Vibrantly Smooth" Shampoo and Conditioner Safeway in South Lake Tahoe, California in June 2012.   Plaintiff viewed the product labels set forth in Paragraph 11 prior to purchasing these Products.   As alleged in Paragraph 17 below, Plaintiff paid a premium for these Products over comparable products that do not purport to be natural.

7.       Plaintiff Lainie Cohen is a resident of Canton, Massachusetts.   Plaintiff purchased TRESemmé Naturals "Radiant Volume Shampoo" and TRESemmé Naturals "Vibrantly Smooth Conditioner" at a Target in Stoughton, Massachusetts in April 2013.   Plaintiff viewed the product labels set forth in Paragraph 11 prior to purchasing these Products.   As alleged in Paragraph 17 below, Plaintiff paid a premium for these Products over comparable products that do not purport to be natural.

FIRST AMENDED CLASS ACTION COMPLAINT

8.      Defendant Unilever United States, Inc. is a Delaware corporation with its headquarters and principal place of business at 700 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

### SUBSTANTIVE ALLEGATIONS

9.      Consumers have become increasingly concerned about the effects of synthetic and chemical ingredients in food, cleaning, bath and beauty and everyday household products. Companies such as Unilever have capitalized on the consumer appetite for "natural products." Indeed, consumers are willing to pay, and have paid, a premium for products branded "natural" over ordinary products that contain synthetic ingredients.  In 2010, for example, nationwide sales of natural products totaled $117 billion.[2]

10.      TRESemmé is a brand of hair care products owned, manufactured, marketed and sold by Unilever in drug stores, supermarkets and discount stores across the United States.

11.      Defendant falsely represents that the Products are "natural."  As shown below, the word "Naturals" appears prominently on the Products' PDPs:



---

[2]http://www.npainfo.org/NPA/About_NPA/NPA/AboutNPA/AbouttheNaturalProductsAssociation.aspx?hkey=8d3a15ab-f44f-4473-aa6e-ba27ccebcbb8



12.     Moreover, TRESemmé has marketed the Products as "natural" on its website and in television advertisements.  Its website[3] touts the "natural" nature of the Products:

---

[3] http://www.tresemme.com/product/category/332747/naturals



13.     TRESemmé markets the Products in television commercials that falsely represent that the Products are natural.  A television commercial launched in 2010 featured a woman at the hairdresser:



The commercial's narrator states:

My clients want salon quality and **natural ingredients** in products that work. Here's the secret to getting the best of both worlds: New TRESemme Naturals -- formulas with pure natural ingredients bring your hair's natural beauty to life.

5

FIRST AMENDED CLASS ACTION COMPLAINT

Hair is 10x stronger after one use and TRESemmé  naturals with low sulfates won't dry out or damage hair.  **Get salon quality in a natural way**, at a price that feels right.  New TRESemmé Naturals:  Professional, affordable.

[Emphasis added].

14.     The representation "Naturals" constitutes a representation to a reasonable consumer that the Products contain only Natural ingredients and this representation is material to a reasonable consumer.

15.     This representation is false and misleading to a reasonable consumer because contrary to Defendant's representations, the Products contain numerous synthetic ingredients, including ingredients that release formaldehyde, or have a high risk of contamination by 1,4 dioxane (a chemical that is "likely to be carcinogenic to humans").[4]

## THE UNNATURAL INGREDIENTS

16.     Directly contrary to Defendant's misrepresentations, the Products contain the following synthetic ingredients:

    a.     **Each of the Shampoo Products** contains the following synthetic ingredients:

        i.   *Ammonium Laureth Sulfate –* a synthetic surfactant[5]  susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[6]

        ii.   *Bisamino PEG/PPG 41/3 Aminoethyl PG Propyl Dimethicone –* a synthetic polymer used as a hair conditioning agent susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[7]

        iii.   *Cocamidopropyl Betaine –* a synthetic surfactant used to boost foaming and control viscosity.[8]

        iv.   *Dipropylene Glycol –* a synthetic solvent.[9]

---

[4] http://www.epa.gov/IRIS/subst/0326.htm

[5] A surfactant is a chemical used to stabilize mixtures of oil and water by reducing surface tension to ensure ingredients are evenly distributed throughout the product.

[6] http://www.ewg.org/skindeep/ingredient/700373/AMMONIUM_LAURETH_SULFATE/

[7] http://www.ewg.org/skindeep/ingredient/700774/BISAMINO_PEG%3B%3B_PPG-41%3B%3B_3_AMINOETHYL_PG-PROPYL_DIMETHICONE/

[8] http://www.ewg.org/skindeep/ingredient/701520/COCAMIDOPROPYL_BETAINE/

v. ***Disodium EDTA*** – a synthetic chelating agent.[10]

vi. ***Guar Hydroxypropyltrimonium Chloride*** – a synthetic hair conditioning and antistatic agent.[11]

vii. ***Hydroxypropyl Methylcellulose*** – a synthetic emulsion stabilizer.[12]

viii. ***PEG 18 Glyceryl Oleate/Cocoate*** – a synthetic skin conditioning agent susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[13]

ix. ***Polyquaternium 7-*** a synthetic polymer based on quaternary ammonium compounds used as an antistatic and film forming agent.[14]

x. ***Quaternium 80*** – a synthetic quaternary ammonium salt used as an antistatic and hair conditioning agent.[15]

xi. ***Sodium Cocoyl Isethionate*** – a synthetic surfactant.[16]

xii. ***Sodium Xylene Sulfonate*** – a synthetic surfactant.[17]

b. **TRESemmé  Naturals Vibrantly Smooth Shampoo** contains the following additional unnatural synthetic ingredients:

i. ***Ammonium Chloride*** – a synthetic viscosity controlling agent.[18]

ii. ***Ammonium Lauryl Sulfate*** – a synthetic surfactant.[19]

---

[9] http://www.ewg.org/skindeep/ingredient/702123/DIPROPYLENE_GLYCOL/

[10] http://www.ewg.org/skindeep/ingredient/702146/DISODIUM_EDTA/

[11] http://www.ewg.org/skindeep/ingredient/702759/GUAR_HYDROXYPROPYLTRIMONIUM_CHLORIDE/

[12] http://www.ewg.org/skindeep/ingredient/703077/HYDROXYPROPYL_METHYLCELLULOSE

[13] http://www.ewg.org/skindeep/ingredient/704535/PEG-18_GLYCERYL_OLEATE%3B%3B_COCOATE/

[14] http://www.ewg.org/skindeep/ingredient/705124/POLYQUATERNIUM-7/

[15] http://www.ewg.org/skindeep/ingredient/705493/QUATERNIUM-80/

[16] http://www.ewg.org/skindeep/ingredient/706048/SODIUM_COCOYL_ISETHIONATE/

[17] http://www.ewg.org/skindeep/ingredient/706207/SODIUM_XYLENE_SULFONATE/

[18] http://www.ewg.org/skindeep/ingredient/700366/AMMONIUM_CHLORIDE/

[19] http://www.ewg.org/skindeep/ingredient/700374/AMMONIUM_LAURYL_SULFATE/

iii. ***DMDM Hydantoin*** – a synthetic antimicrobial preservative that releases formaldehyde.[20]

iv. ***Fragrance*** – an undisclosed mixture of scent chemicals and ingredients.[21]

v. ***Lauryl Glucoside –*** a synthetic surfactant.[22]

vi. ***Propylene Glycol –*** an organic alcohol used as a skin conditioning agent that has been associated with contact dermatitis and hives.[23]

c. **TRESemmé  Naturals Radiant Volume Shampoo, with Sweet Orange**

contains the following additional unnatural synthetic ingredients:

i. ***Amino Methyl Propanol*** – a synthetic buffering agent susceptible to contamination by nitrosamines, a carcinogen.[24]

ii. ***Methylchloroisothiazolinone*** – a synthetic preservative associated with allergic reactions.[25]

iii. ***Methylisothiazolinone*** – a synthetic preservative associated with allergic reactions that may be neurotoxic.[26]

d. **TRESemmé  Naturals Nourishing Moisture Shampoo** contains the following

additional unnatural synthetic ingredients:

i. ***Amino Methyl Propanol*** – See Paragraph 16(c)(i);

ii. ***Ammonium Chloride –*** See Paragraph 16(b)(i).

iii. ***DMDM Hydantoin*** – See Paragraph 16(b)(iii).

iv. ***Fragrance –*** See Paragraph 16(b)(iv).

v. ***Lauryl Glucoside –*** See Paragraph 16(b)(vi).

---

[20] http://www.ewg.org/skindeep/ingredient/702196/DMDM_HYDANTOIN/

[21] http://www.ewg.org/skindeep/ingredient.php?ingred06=702512#.

[22] http://www.ewg.org/skindeep/ingredient/703445/LAURYL_GLUCOSIDE/

[23] http://www.ewg.org/skindeep/ingredient/705315/PROPYLENE_GLYCOL/#

[24] http://www.ewg.org/skindeep/ingredient/700348/AMINOMETHYL_PROPANOL/

[25] http://www.ewg.org/skindeep/ingredient/703924/METHYLCHLOROISOTHIAZOLINONE

[26] http://www.ewg.org/skindeep/ingredient/703935/METHYLISOTHIAZOLINONE/

vi. ***Propylene Glycol*** – See Paragraph 16(b)(vi).

vii. ***Sodium Methyl Lauroyl Taurate*** – a synthetic surfactant.[27]

e. **Each of the Conditioner Products** contains the following unnatural synthetic ingredients:[28]

i. ***Brassica Campestris/Aleurites Fordi Oil Copolymer*** – a synthetic film former.[29]

ii. ***Fragrance*** – see Paragraph 16(b)(iv).

iii. ***Lauroyl Lysine*** – a synthetic hair conditioning agent.[30]

iv. ***Stearamidopropyl Dimethylamine*** – a synthetic skin conditioning agent.[31]

f. **TRESemmé  Naturals Nourishing Moisture Conditioner, Aloe Vera and Avocado and TRESemmé  Naturals Radiant Volume Conditioner** additionally contain the following unnatural synthetic ingredients:

i. ***Behentrimonium Chloride*** – a quaternary ammonium salt used as a conditioner.[32]

ii. ***Cetearyl Alcohol*** – a synthetic emulsion stabilizer.[33]

iii. ***Dipropylene Glycol*** – see Paragraph 16(a)(iv).

iv. ***Disodium EDTA*** – see Paragraph 16(a)(v).

---

[27]http://www.ewg.org/skindeep/ingredient/706123/SODIUM_METHYL_LAUROYL_TAURATE

[28]Upon information and belief, prior to May 2013, TRESemmé Naturals Radiant Volume Conditioner and TRESemmé  Naturals Nourishing Moisture Conditioner Aloe Vera and Avocado contained each of the ingredients listed in Paragraph 16(g)(i)-(iv) as well as Stearamidopropyl Dimethylamine, Fragrance and Lauryl Lysine.

[29]http://www.ewg.org/skindeep/ingredient/700820/BRASSICA_CAMPESTRIS%3B%3B_ALEURITES_FORDI_OIL_COPOLYMER/

[30] http://www.ewg.org/skindeep/ingredient/703434/LAUROYL_LYSINE/

[31]http://www.ewg.org/skindeep/ingredient/706289/STEARAMIDOPROPYL_DIMETHYLAMINE/

[32] http://www.ewg.org/skindeep/ingredient/700657/BEHENTRIMONIUM_CHLORIDE/

[33] http://www.ewg.org/skindeep/ingredient/701236/CETEARYL_ALCOHOL/

FIRST AMENDED CLASS ACTION COMPLAINT

v. ***DMDM Hydatoin*** – see Paragraph 16(b)(iii).

vi. ***Methylchloroisothiazolinone*** – see Paragraph 15(c)(ii).

vii. ***Methylisothiazolinone*** – see Paragraph 16(c)(iii).

viii. ***PEG 150 Distearate*** – a synthetic surfactant susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[34]

ix. ***Potassium Chloride*** – a synthetic viscosity controlling agent.[35]

g. **TRESemmé  Naturals Vibrantly Smooth Conditioner** additionally contains the following unnatural synthetic ingredients:

i. ***Cetyl Alcohol*** – a synthetic emulsion stabilizer.[36]

ii. ***Distearyldimonium Chloride*** – a quaternary ammonium salt that functions as an antistatic agent and hair conditioning agent.[37]

iii. ***Isopropyl Alcohol --*** a synthetic viscosity controlling agent.[38]

iv. ***Stearyl Alcohol*** – a synthetic emulsion stabilizer.[39]

17.    As set forth herein, Plaintiffs and the members of the Class and Subclasses described below suffered an ascertainable loss in at least the following amounts, in that they paid a premium for the Products over comparable TRESemmé brand products that are not marketed as consisting of natural ingredients:

---

[34] http://www.ewg.org/skindeep/ingredient/704526/PEG-150_DISTEARATE/

[35] http://www.ewg.org/skindeep/ingredient/705191/POTASSIUM_CHLORIDE/

[36] http://www.ewg.org/skindeep/ingredient/701263/CETYL_ALCOHOL/

[37] http://www.ewg.org/skindeep/ingredient/702183/DISTEARYLDIMONIUM_CHLORIDE/

[38] http://www.ewg.org/skindeep/ingredient/703198/ISOPROPYL_ALCOHOL/

[39] http://www.ewg.org/skindeep/ingredient/706325/STEARYL_ALCOHOL/

FIRST AMENDED CLASS ACTION COMPLAINT

| Mislabeled natural product | Price | Price per ounce |
|---|---|---|
| TRESemmé Naturals Shampoo (Vibrantly Smooth, Nourishing Moisture, Radiant Volume) | $5.89-$6.39/25 oz[40] | $0.24-0.26/oz |
| **Comparable product not labeled "natural"** | **Price** | **Price per ounce** |
| TRESemmé Smooth and Silky Shampoo | $5.99/32oz[41] | $0.19 |
| *Premium paid per ounce* | | $0.05-$0.07 |
| *Premium paid per 25 oz product* | | ***$1.20-$1.75*** |

| Mislabeled natural product | Price | Price per ounce |
|---|---|---|
| TRESemmé Naturals Conditioner (Vibrantly Smooth, Nourishing Moisture, Radiant Volume) | $5.89-$6.39/25 oz[42] | $0.24-0.26/oz |
| **Comparable product not labeled "natural"** | **Price** | **Price per ounce** |
| TRESemmé Smooth and Silky Conditioner | $5.99/32oz[43] | $0.19 |
| *Premium paid per ounce* | | $0.05-$0.07 |
| *Premium paid per 25 oz product* | | ***$1.25-$1.75*** |

18.     Based on the foregoing, Plaintiffs and the Class and Subclasses have been damaged.

---

[40] http://www.drugstore.com/tresemme-naturals-vibrantly-smooth-shampoo/qxp358754?catid=183504

[41] http://www.drugstore.com/tresemme-smooth-and-silky-shampoo/qxp193984

[42] http://www.drugstore.com/tresemme-naturals-vibrantly-smooth-shampoo/qxp358754?catid=183504

[43] http://www.drugstore.com/tresemme-smooth-and-silky-conditioner/qxp193988?catid=183403

11

**CLASS ACTION ALLEGATIONS**

19.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and the class (the "Class") defined as follows:

> All purchasers of the Products:
>
>> in Alaska from August 28, 2011, to the present,
>>
>> in California, Connecticut, Delaware, the District of Colombia, Illinois, New Hampshire, New York and Wisconsin from August 28, 2010, to the present,
>>
>> in Arkansas, Florida, Hawaii, Massachusetts, Maine, Michigan, Missouri, Nebraska, New Jersey, Rhode Island, Vermont and Washington at any time to the present, and
>>
>> in any additional states which the Court determines to have sufficiently similar law to California and/or Massachusetts without creating manageability issues,
>
> who purchased the Products primarily for personal, family or household purposes.  Specifically excluded from this Class are:  the Defendant, the officers, directors and employees of Defendant; any entity in which Defendant has a controlling interest; any affiliate, legal representative of Defendant; the judge to whom this case is assigned and any member of the judge's immediate family; and any heirs, assigns and successors of any of the above persons or organizations in their capacity as such.

20.     In addition, Plaintiff Morales seeks to represent the following subclass (the "California Subclass"):

> All purchasers of the Products in the State of California from August 28, 2010, to the present, who purchased the Products primarily for personal, family or household purposes.  Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family (the "California Subclass").

21.     Finally, Plaintiff Cohen seeks to represent the following subclass (the "Massachusetts Subclass"):

FIRST AMENDED CLASS ACTION COMPLAINT

All purchasers of the Products in the State of Massachusetts who purchased the Products primarily for personal, family or household purposes. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family (the "Massachusetts Subclass").

22. The members of the Class and Subclasses are so numerous that joinder of all members is impractical, as the products are sold in thousands of stores nationwide, including Walmart, Target and Walgreens. Upon information and belief, the Class and Subclasses each include thousands of persons who have purchased the Products.

23. Plaintiffs' claims are typical of the claims of the members of the Class and Subclasses because Plaintiffs' claims, and the claims of all Class members, arise out of the same conduct, policies and practices of Defendant as alleged herein, and all members of the Class and Subclasses are similarly affected by Defendant's wrongful conduct.

24. There are questions of law and fact common to the Class and Subclasses and these questions predominate over questions affecting only individual Class and Subclass members. Common legal and factual questions include, but are not limited to:

a. whether Defendant markets the Products in a way that is unfair, deceptive, false or misleading to a reasonable consumer;

b. whether, by the misconduct set forth in this Complaint, Defendant has engaged in unfair, deceptive, or unlawful business practices with respect to the advertising, marketing, and sales of its Products;

c. whether the representation "natural" is material to a reasonable consumer;

d. whether Defendant's conduct constitutes fraudulent, unfair, or unlawful conduct; and

e. whether, as a result of Defendant's misconduct alleged herein,  Plaintiffs and the Class and Subclasses are entitled to restitution, injunctive and/or other monetary relief.

FIRST AMENDED CLASS ACTION COMPLAINT

25.     Plaintiffs will fairly and adequately represent the Class and Subclasses and have retained counsel experienced and competent in the prosecution of consumer and class action litigation.  Plaintiffs have no interests antagonistic to those of other members of the Class or Subclasses.  Plaintiffs are committed to the vigorous prosecution of this action and anticipate no difficulty in the management of this litigation as a class action.

26.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy within the meaning of Rule 23(b) and in consideration of the matters set forth in Rule 23(b)(3)(A)-(D).   Because of the amount of the individual Class members' claims relative to the complexity of the litigation and the financial resources of the Defendant, few, if any, members of the Classes or Subclasses would seek legal redress individually for the wrongs complained of here.  The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.  Absent a class action, Class members will continue to suffer damages and Defendant's misconduct will proceed without remedy.

## **COUNT I**

**(Violation of the Unfair Competition Law (the "UCL") Cal.
Bus. & Prof. Code §17200, *et seq*. Based on Fraudulent,
Unlawful and Unfair Acts and Practices brought by Plaintiff Morales on behalf of the
California Subclass)**

27.     The foregoing allegations are realleged and incorporated by reference as if fully set forth herein.

28.     Plaintiff Morales asserts Count I on behalf of herself and the California Subclass.

29.     Under the UCL, "any unlawful, unfair or fraudulent business act or practice" constitutes unfair competition.

*Fraudulent Acts and Practices*

30.     Any business act or practice that is likely to deceive members of the public constitutes a fraudulent business act or practice under the UCL.

FIRST AMENDED CLASS ACTION COMPLAINT

31.     Defendant has engaged, and continues to engage, in conduct that is likely to deceive members of the public.  This conduct includes, but is not limited to, representing the Products as "Natural," leading consumers to believe the Products contained only natural ingredients.

32.     By committing the acts alleged above, Defendant has engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of Cal. Bus. & Prof. Code §17200.

***Unlawful Acts and Practices***

33.     The violation of any law constitutes an unlawful business practice under Cal. Bus. & Prof. Code §17200.

34.     Defendant's conduct violates Cal. Health & Safety Code § 111730, which prohibits the sale of any misbranded cosmetic product.  The Products, that bear labeling representing them as "Natural" are "false and misleading in any particular" in violation of Health & Safety Code § 111730.

35.     By violating Cal. Health & Safety Code § 111730, Defendant has engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Cal. Bus. & Prof. Code §17200.

***Unfair Acts and Practices***

36.     Any business practice that offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers constitutes an "unfair" practice under the UCL.

37.     Defendant has engaged, and continues to engage, in unfair business practices. This conduct includes representing that the Products are "Natural" when, in fact, they contain numerous synthetic and unnatural ingredients.

38.     Defendant has engaged, and continues to engage, in conduct that violates the legislatively declared policies of Section 5 of the Federal Trade Commission ("FTC") Act, 15 U.S.C. § 45, against committing unfair methods of competition and unfair or deceptive acts or

practices in or affecting commerce.  By representing that the Products are "Natural" when, in fact, the Products contain numerous synthetic ingredients, Defendant violated Section 5 of the FTC Act, which prohibits unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce.

39.     Defendant gains an unfair advantage over its competitors, whose advertising must comply with the FTC Act.

40.     Defendant's conduct, including misrepresenting the benefits of the Products, is substantially injurious to consumers.  Such conduct has caused, and continues to cause, substantial injury to consumers because consumers would not have paid such a high price for the Products but for Defendant's false promotion that the Products are "Natural."  Consumers have thus overpaid for the Products and such injury is not outweighed by any countervailing benefits to consumers or competition.

41.     No benefit to consumers or competition results from Defendant's conduct.  Since consumers reasonably rely on Defendant's representations of the products and injury results from ordinary use of the Products, consumers could not have reasonably avoided such injury.

42.     By committing the acts alleged above, Defendant has engaged in unfair business acts and practices which constitute unfair competition within the meaning of the UCL.

43.      As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiffs, the Class and the California Subclass.

44.     An action for injunctive relief and restitution is specifically authorized under Cal. Bus. & Prof. Code §17203.

45.     Wherefore, Plaintiffs pray for judgment against Defendant, as set forth above.

**COUNT II**
**(Violation of the Consumers Legal Remedies Act (the "CLRA"),**
**Cal. Civ. Code §1750 *et seq.*, brought by Plaintiff Morales on behalf**
**of the Class and the California Subclass)**

46.     The foregoing allegations are realleged and incorporated by reference as if fully set forth herein.

47.     Plaintiff Morales asserts Count II on behalf of herself and the California Subclass.

48.     Plaintiff Morales and each member of the Class and California Subclass are "consumers" within the meaning of Cal. Civ. Code §1761(d).

49.     The purchases of the Products constitute "transactions" within the meaning of Cal. Civ. Code §1761(e) and the Products offered by Defendant constitute "goods" within the meaning of Cal. Civ. Code §1761(a).

50.     The acts and practices of Defendant as described above were intended to deceive Plaintiffs and members of the Class as described herein, and have resulted, and will result, in damages to Plaintiffs, the Class and the California Subclass.  These actions violated and continue to violate the CLRA in at least the following respects:

a.     In violation of Section 1770(a)(5) of the CLRA, Defendant's acts and practices constitute representations that the Products have characteristics, uses and/or benefits which they do not;

b.     In violation of Section 1770(a)(7) of the CLRA, Defendant's acts and practices constitute representations that the Products are of a particular standard, grade or quality which they are not; and

c.     In violation of Section 1770(a)(9) of the CLRA, Defendant's acts and practices constitute the advertisement of the goods in question without the intent to sell them as advertised.

51.     By reason of the foregoing, Plaintiffs and the Class have suffered an ascertainable loss and damages.

52.     By committing the acts alleged above, Defendant engaged in unfair competition or unfair, unconscionable, deceptive, or unlawful acts or business practices in violation of the CLRA and/or the following materially identical state consumer protection statutes (the "Consumer Protection Statutes"):[44]

a.     **Alaska Unfair Trade Practices and Consumer Protection Act**, Alaska Stat. § 45.50.471, *et seq.*;

---

[44] There is no material conflict between these state statutes and the CLRA because these state statutes (1) do not require reliance by unnamed class members; (2) do not require proof of an intent to deceive; and (3) allow class actions.

b. **Arkansas Deceptive Trade Practices Act**, Ark. Code Ann. § 4-88-101, *et seq.*;

c. **California Consumer Legal Remedies Act**, Cal. Civ. Code § 1750 *et seq.*, **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200 *et seq.*;

d. **Connecticut Unfair Trade Practices Act**, Conn. Gen. Stat. § 42-110a, *et seq.*;

e. **Delaware Consumer Fraud Act**, Del. Code Ann. tit. 6, § 2511, *et seq.*;

f. **District of Columbia Consumer Protection Procedures Act,** D.C. Code § 28-3901, *et seq.*;

g. **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

h. **Hawaii Unfair and Deceptive Practices Act**, Hawaii Rev. Stat. § 480-1, *et seq.*;

i. **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

j. **Maine Unfair Trade Practices Act**, Me. Rev. Stat. tit. 5, § 205-A, *et seq.*;

k. **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1, *et seq.*;

l. **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901, *et seq.*;

m. **Missouri Merchandising Practices Act**, Mo. Rev. Stat. § 407.010, *et seq.*;

n. **Nebraska Consumer Protection Act**, Neb. Rev. Stat. § 59-1601, *et seq.*;

o. **New Hampshire Consumer Protection Act**, N.H. Rev. Stat. Ann. § 358-A:1, *et seq.*;

p. **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

q. **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349, *et seq.*;

r. **Rhode Island Unfair Trade Practices and Consumer Protection Act**, R.I. Gen. Laws § 6-13.1-1, *et seq.*;

s. **Vermont Consumer Fraud Act**, Vt. Stat. Ann. tit. 9, § 2451, *et seq.*;

t. **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

u. **Wisconsin Deceptive Trade Practices Act**, Wis. Stat. § 100.18, *et seq.*

53.     Pursuant to Cal. Civ. Code § 1781(a) and materially identical damages provisions under the Consumer Protection Statutes, Plaintiff and members of the Class and the California Subclass are entitled to damages based upon Defendant's violation of the CLRA and/or the Consumer Protection Statutes.[45]

54.     Pursuant to Cal. Civ. Code § 1780(1)(2), Plaintiff and members of the Class and the California Subclass also are entitled to an order enjoining the above-described wrongful acts and practices of Defendant, and ordering the payment of costs and attorneys' fees and any other relief deemed appropriate and proper by the Court under Cal. Civ. Code § 1780.

55.     Wherefore, Plaintiffs pray for judgment against Defendant, as set forth above.

## COUNT III

**(Violation of the Massachusetts Consumer Protection Act (the "MCPA"), Mass. Gen. Laws Ann. ch. 93A)**
**(Brought by Plaintiff Cohen on Behalf of the Class and the Massachusetts Subclass)**

56.     Plaintiff Cohen restates the foregoing allegations as though fully pled herein.

57.     Plaintiff Cohen asserts Count III behalf of herself and the Class and the Massachusetts Subclass.

58.     Defendant is engaged in trade or commerce in the State of Massachusetts because Defendant offers for sale and distributes the Products in the State of Massachusetts.

59.     Upon information and belief, Defendant does not maintain a place of business or keep assets in the State of Massachusetts.

60.     By representing that the Products are "Natural" when the Products contain numerous unnatural synthetic ingredients, Defendant has engaged in unfair methods of

---

[45] In compliance with the provisions of Cal. Civ. Code § 1782, Plaintiffs provided written notice to Defendant concurrently with the filing of the initial Complaint in this action stating their intent to amend the Complaint to seek damages under Cal. Civ. Code § 1750, *et seq.*, unless Defendant offered appropriate consideration or other remedy to all affected consumers.  On November 21, 2013, counsel for Defendant responded to Plaintiffs and declined to offer adequate (or any) remedy to all affected consumers.  Accordingly, Plaintiffs hereby seek damages pursuant to Cal. Civ. Code § 1781(a).

competition and unfair and deceptive acts and practices within the meaning of Mass. Gen. Laws Ann. ch. 93A, § 2(a) and the materially identical Consumer Protection Statutes alleged above.[46]

61.     Plaintiff, the Class and the Massachusetts Subclass suffered an injury as a result of Defendant's unlawful acts and practices by paying a premium for the Products over comparable products that are not represented to be Natural.

62.     Wherefore, Plaintiff, the Class and the Massachusetts Subclass are entitled to damages and other appropriate relief, as set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief against Defendant as follows:

A.     For an Order certifying the Class and Subclasses described herein and appointing Plaintiffs as Class Representatives and their attorneys as Class Counsel;

B.     that the Court preliminarily and permanently enjoin Defendant from conducting its business through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in this Complaint;

C.     that the court order Defendant to give notice to the Class of the pendency of the claims in this action;

D.     that the Court order Defendant to pay damages and/or restitution to restore to all affected persons all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or a fraudulent business act or practice, untrue or misleading advertising, plus pre- and post-judgment interest thereon;

E.     that the Court order Defendant to disgorge all monies wrongfully obtained and all revenues and profits derived by Defendant as a result of its acts or practices as alleged in this Complaint;

---

[46] There is no material conflict between these state statutes and the MCPA because these state statutes (1) do not require reliance by unnamed class members; (2) do not require proof of an intent to deceive; and (3) allow class actions.

1    F.    that the Court grant Plaintiffs their reasonable attorneys' fees and costs of suit

2 pursuant to Cal. Civ. Proc. Code § 1021.5, Cal. Civ. Code § 1780(e), the common fund doctrine

3 and/or any other appropriate legal theory;

4    G.    with respect to the Massachusetts Subclass: actual damages, appropriate equitable

5 relief, double or treble damages and attorneys' fees and costs; and

6    H.    that the Court grant such other and further relief as may be just and proper.

7                              **JURY DEMAND**

8           Plaintiffs demand a trial by jury on all issues and causes of action so triable.

9 DATED:  December 2, 2013                    Respectfully submitted,

10                                            By:        /s/ Alan R. Plutzik

11                                                       Alan R. Plutzik

12                                            **BRAMSON, PLUTZIK, MAHLER**
                                             **& BIRKHAEUSER LLP**
13                                           Alan R. Plutzik (State Bar No. 77785)
14                                           Michael S. Strimling (State Bar No. 96135)
                                             2125 Oak Grove Road
15                                           Walnut Creek, CA 94598
                                             Telephone: (925) 945-0200
16                                           Facsimile: (925) 945-8792
                                             aplutzik@bramsonplutzik.com
17                                           mstrimling@bramsonplutzik.com

18                                           **IZARD NOBEL LLP**
19                                           Mark P. Kindall (State Bar No. 138703)
                                             Robert A. Izard *(pro hac vice forthcoming)*
20                                           Jeffrey S. Nobel *(pro hac vice forthcoming)*
                                             Nicole A. Veno *(pro hac vice forthcoming)*
21                                           29 South Main Street, Suite 305
22                                           West Hartford, CT 06107
                                             Telephone: (860) 493-6292
23                                           Facsimile: (860) 493-6290

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

**LITE DEPALMA GREENBERG, LLC**
Joseph J. DePalma *(pro hac vice forthcoming)*
Katrina Carroll *(pro hac vice forthcoming)*
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com
kcarroll@litedepalma.com

*Attorneys for Plaintiffs*

FIRST AMENDED CLASS ACTION COMPLAINT