Alan R. Plutzik (State Bar No. 77785)
Michael S. Strimling (State Bar No. 96135)
**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER LLP**
2125 Oak Grove Road
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
aplutzik@bramsonplutzik.com
mstrimling@bramsonplutzik.com

Mark P. Kindall (State Bar No. 138703)
Robert A. Izard *(pro hac vice forthcoming)*
Jeffrey S. Nobel *(pro hac vice forthcoming)*
Nicole A. Veno *(*admitted *pro hac vice)*
**IZARD NOBEL LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
mkindall@izardnobel.com
rizard@izardnobel.com
jnobel@izardnobel.com
nveno@izardnobel.com

*Attorneys for Plaintiffs*

*[Additional counsel on signature page]*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALBA MORALES, LAINIE COHEN, LINDA CLAYMAN and KENNETH DREW on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CONOPCO INC. d/b/a UNILEVER

Defendant.

No. 2:13-cv-02213-WBS-EFB

CORRECTED SECOND AMENDED CLASS ACTION COMPLAINT

DEMAND FOR JURY TRIAL

Plaintiffs, by their attorneys, on behalf of themselves and all others similarly situated, make the following allegations pursuant to the investigation of their counsel and based on information and belief, except as to allegations pertaining to personal knowledge as to themselves. Plaintiffs believe that substantial additional evidentiary support exists for the allegations set forth herein and will be available after a reasonable opportunity for discovery.

**INTRODUCTION**

1. Defendant Conopco Inc. d/b/a Unilever ("Defendant" or "Unilever") manufactures, sells and distributes TRESemmé brand hair products throughout the United States. Its "TRESemmé Naturals" line of shampoo and conditioners are marketed and advertised with a campaign that is centered around representations that these products are "Natural." The term "Naturals" appears on the Principal Display Panel ("PDP") of each of the TRESemmé Naturals products listed below (collectively, the "Products"):

a. Naturals Nourishing Moisture Shampoo;

b. Naturals Nourishing Moisture Conditioner;

c. Naturals Radiant Volume Shampoo;

d. Naturals Radiant Volume Conditioner;

e. Naturals Vibrantly Smooth Shampoo; and

f. Naturals Vibrantly Smooth Conditioner.

2. This action seeks to remedy the unfair and deceptive business practices arising from the marketing and sale of the Products as "Natural."[1] The term "Naturals," which appears prominently next to a green leaf on the PDP of each product, is false and misleading to a reasonable consumer because the Products contain synthetic ingredients.

---

[1] The Merriam-Webster Dictionary defines "natural" as "existing in or produced by nature: not artificial." *See* www.merriam-webster.com/dictionary. The FDA has not defined the term "natural" in the context of cosmetics. To the contrary, on March 7, 2013, the FDA affirmed that "proceedings to define the term 'natural' do not fit within [its] current health and safety priorities." *See* the letter dated March 7, 2013 from the FDA to Plaintiff-Appellant's counsel in *Astiana v. The Hain Celestial Group, Inc.*, Appellate No. 12-cv-17596 (9th Cir.), filed in support of Appellant's Motion for Judicial Notice [ECF No. 8-3] and publicly available on the Ninth Circuit's PACER website.

3. As stated in Paragraph 19 below, Plaintiffs and the members of the Classes and described herein paid a premium for the Products over comparable TRESemmé hair and conditioner products that do not purport to be "Natural."

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction over the claims asserted herein individually and on behalf of the Class pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005. Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; and (2) a substantial number of the members of the proposed class are citizens of a state different from that of Defendant. Personal jurisdiction is proper as Defendant has purposefully availed itself of the privilege of conducting business activities within the State of California.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

6. Plaintiff Alba Morales is a resident of South Lake Tahoe, California and an individual consumer. Plaintiff Morales purchased TRESemmé Naturals "Nourishing Moisture" Shampoo and Conditioner and "Vibrantly Smooth" Shampoo and Conditioner Safeway in South Lake Tahoe, California in June 2012. Plaintiff viewed the product labels set forth in Paragraph 13 prior to purchasing these Products. As alleged in Paragraph 19 below, Plaintiff paid a premium for these Products over comparable products that do not purport to be natural.

7. Plaintiff Lainie Cohen is a resident of Canton, Massachusetts and an individual consumer. Plaintiff Cohen purchased TRESemmé Naturals "Radiant Volume Shampoo" and TRESemmé Naturals "Vibrantly Smooth Conditioner" at a Target in Stoughton, Massachusetts in April 2013. Plaintiff viewed the product labels set forth in Paragraph 13 prior to purchasing these Products. As alleged in Paragraph 19 below, Plaintiff paid a premium for these Products over comparable products that do not purport to be natural.

8. Plaintiff Linda Clayman is a resident of Delray Beach, Florida and an individual consumer. Plaintiff Clayman purchased TRESemmé Naturals Nourishing Moisture Conditioner approximately four times between August 2013 and February 2014 at Target in Delray Beach, Florida. Plaintiff viewed the product labels set forth in Paragraph 13 prior to purchasing these Products. As alleged in Paragraph 19 below, Plaintiff Clayman paid a premium for these Products over comparable products that do not purport to be natural.

9. Plaintiff Kenneth Drew is a resident of Delmar, New York and an individual consumer. Plaintiff Drew purchased TRESemmé Naturals Nourishing Moisture Shampoo and TRESemmé Naturals Nourishing Moisture Conditioner fourteen times between January 2013 and February 2014 at Target, Walmart and Rite Aid in Albany, New York. Plaintiff viewed the product labels set forth in Paragraph 13 prior to purchasing these Products. As alleged in Paragraph 19 below, Plaintiff Drew paid a premium for these Products over comparable products that do not purport to be natural.

10. Defendant Conopco Inc., d/b/a Unilever is a New York corporation with its headquarters and principal place of business at 700 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

**SUBSTANTIVE ALLEGATIONS**

11. Consumers have become increasingly concerned about the effects of synthetic and chemical ingredients in food, cleaning, bath and beauty and everyday household products. Companies such as Unilever have capitalized on the consumer appetite for "natural products." Indeed, consumers are willing to pay, and have paid, a premium for products branded "natural" over ordinary products that contain synthetic ingredients. In 2010, for example, nationwide sales of natural products totaled $117 billion.[2]

12. TRESemmé is a brand of hair care products owned, manufactured, marketed and sold by Unilever in drug stores, supermarkets and discount stores across the United States.

---

[2]http://www.npainfo.org/NPA/About_NPA/NPA/AboutNPA/AbouttheNaturalProductsAssociation.aspx?hkey=8d3a15ab-f44f-4473-aa6e-ba27ccebcbb8

13.     Defendant falsely represents that the Products are "natural."  As shown below, the word "Naturals" appears prominently on the Products' PDPs:









14. Moreover, TRESemmé has marketed the Products as "natural" on its website and in television advertisements. Its website[3] touts the "natural" nature of the Products:

15. TRESemmé markets the Products in television commercials that falsely represent that the Products are natural. A television commercial launched in 2010 featured a woman at the hairdresser:

---

[3] http://www.tresemme.com/product/category/332747/naturals

The commercial's narrator states:

> My clients want salon quality and **natural ingredients** in products that work. Here's the secret to getting the best of both worlds: New TRESemme Naturals -- formulas with pure natural ingredients bring your hair's natural beauty to life. Hair is 10x stronger after one use and TRESemmé naturals with low sulfates won't dry out or damage hair. **Get salon quality in a natural way**, at a price that feels right. New TRESemmé Naturals: Professional, affordable.

[Emphasis added].

16. The representation "Naturals" constitutes a representation to a reasonable consumer that the Products contain only Natural ingredients and this representation is material to a reasonable consumer.

17. This representation is false and misleading to a reasonable consumer because contrary to Defendant's representations, the Products contain numerous synthetic ingredients, including ingredients that release formaldehyde, or have a high risk of contamination by 1,4 dioxane (a chemical that is "likely to be carcinogenic to humans").[4]

**THE UNNATURAL INGREDIENTS**

18. Directly contrary to Defendant's misrepresentations, the Products contain the following synthetic ingredients:

a. **Each of the Shampoo Products** contains the following synthetic ingredients:

[4] http://www.epa.gov/IRIS/subst/0326.htm

  i. ***Ammonium Laureth Sulfate –*** a synthetic surfactant[5] susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[6]

ii. ***Bisamino PEG/PPG 41/3 Aminoethyl PG Propyl Dimethicone –*** a synthetic polymer used as a hair conditioning agent susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[7]

iii. ***Cocamidopropyl Betaine*** – a synthetic surfactant used to boost foaming and control viscosity.[8]

iv. ***Dipropylene Glycol –*** a synthetic solvent.[9]

v. ***Disodium EDTA*** – a synthetic chelating agent.[10]

vi. ***Guar Hydroxypropyltrimonium Chloride –*** a synthetic hair conditioning and antistatic agent.[11]

vii. ***Hydroxypropyl Methylcellulose –*** a synthetic emulsion stabilizer.[12]

viii. ***PEG 18 Glyceryl Oleate/Cocoate*** – a synthetic skin conditioning agent susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[13]

ix. ***Polyquaternium 7-*** a synthetic polymer based on quaternary ammonium compounds used as an antistatic and film forming agent.[14]

x. ***Quaternium 80 –*** a synthetic quaternary ammonium salt used as an antistatic and hair conditioning agent.[15]

---

5 A surfactant is a chemical used to stabilize mixtures of oil and water by reducing surface tension to ensure ingredients are evenly distributed throughout the product.

6 http://www.ewg.org/skindeep/ingredient/700373/AMMONIUM_LAURETH_SULFATE/

7 http://www.ewg.org/skindeep/ingredient/700774/BISAMINO_PEG%3B%3B_PPG-41%3B%3B_3_AMINOETHYL_PG-PROPYL_DIMETHICONE/

8 http://www.ewg.org/skindeep/ingredient/701520/COCAMIDOPROPYL_BETAINE/

9 http://www.ewg.org/skindeep/ingredient/702123/DIPROPYLENE_GLYCOL/

10 http://www.ewg.org/skindeep/ingredient/702146/DISODIUM_EDTA/

11 http://www.ewg.org/skindeep/ingredient/702759/GUAR_HYDROXYPROPYLTRIMONIUM_CHLORIDE/

12 http://www.ewg.org/skindeep/ingredient/703077/HYDROXYPROPYL_METHYLCELLULOSE

13 http://www.ewg.org/skindeep/ingredient/704535/PEG-18_GLYCERYL_OLEATE%3B%3B_COCOATE/

14 http://www.ewg.org/skindeep/ingredient/705124/POLYQUATERNIUM-7/

      xi. ***Sodium Cocoyl Isethionate*** – a synthetic surfactant.[16]

xii. ***Sodium Xylene Sulfonate*** **–** a synthetic surfactant.[17]

b. **TRESemmé Naturals Vibrantly Smooth Shampoo** contains the following additional unnatural synthetic ingredients:

i. ***Ammonium Chloride*** **–** a synthetic viscosity controlling agent.[18]

ii. ***Ammonium Lauryl Sulfate*** **–** a synthetic surfactant.[19]

iii. ***DMDM Hydantoin*** – a synthetic antimicrobial preservative that releases formaldehyde.[20]

iv. ***Fragrance*** – an undisclosed mixture of scent chemicals and ingredients.[21]

v. ***Lauryl Glucoside*** **–** a synthetic surfactant.[22]

vi. ***Propylene Glycol*** **–** an organic alcohol used as a skin conditioning agent that has been associated with contact dermatitis and hives.[23]

c. **TRESemmé Naturals Radiant Volume Shampoo, with Sweet Orange** contains the following additional unnatural synthetic ingredients:

i. ***Amino Methyl Propanol*** – a synthetic buffering agent susceptible to contamination by nitrosamines, a carcinogen.[24]

ii. ***Methylchloroisothiazolinone*** – a synthetic preservative associated with allergic reactions.[25]

---

[15] http://www.ewg.org/skindeep/ingredient/705493/QUATERNIUM-80/

[16] http://www.ewg.org/skindeep/ingredient/706048/SODIUM_COCOYL_ISETHIONATE/

[17] http://www.ewg.org/skindeep/ingredient/706207/SODIUM_XYLENE_SULFONATE/

[18] http://www.ewg.org/skindeep/ingredient/700366/AMMONIUM_CHLORIDE/

[19] http://www.ewg.org/skindeep/ingredient/700374/AMMONIUM_LAURYL_SULFATE/

[20] http://www.ewg.org/skindeep/ingredient/702196/DMDM_HYDANTOIN/

[21] http://www.ewg.org/skindeep/ingredient.php?ingred06=702512#.

[22] http://www.ewg.org/skindeep/ingredient/703445/LAURYL_GLUCOSIDE/

[23] http://www.ewg.org/skindeep/ingredient/705315/PROPYLENE_GLYCOL/#

[24] http://www.ewg.org/skindeep/ingredient/700348/AMINOMETHYL_PROPANOL/

[25] http://www.ewg.org/skindeep/ingredient/703924/METHYLCHLOROISOTHIAZOLINONE

iii. ***Methylisothiazolinone*** – a synthetic preservative associated with allergic reactions that may be neurotoxic.[26]

d. **TRESemmé Naturals Nourishing Moisture Shampoo** contains the following additional unnatural synthetic ingredients:

i. ***Amino Methyl Propanol*** **–** See Paragraph 16(c)(i);

ii. ***Ammonium Chloride*** **–** See Paragraph 16(b)(i).

iii. ***DMDM Hydantoin*** – See Paragraph 16(b)(iii).

iv. ***Fragrance*** **–** See Paragraph 16(b)(iv).

v. ***Lauryl Glucoside*** **–** See Paragraph 16(b)(vi).

vi. ***Propylene Glycol*** **–** See Paragraph 16(b)(vi).

vii. ***Sodium Methyl Lauroyl Taurate*** **–** a synthetic surfactant.[27]

e. **Each of the Conditioner Products** contains the following unnatural synthetic ingredients:[28]

i. ***Brassica Campestris/Aleurites Fordi Oil Copolymer*** **–** a synthetic film former.[29]

ii. ***Fragrance*** **–** see Paragraph 16(b)(iv).

iii. ***Lauroyl Lysine*** – a synthetic hair conditioning agent.[30]

iv. ***Stearamidopropyl Dimethylamine*** **–** a synthetic skin conditioning agent.[31]

---

[26] http://www.ewg.org/skindeep/ingredient/703935/METHYLISOTHIAZOLINONE/

[27] http://www.ewg.org/skindeep/ingredient/706123/SODIUM_METHYL_LAUROYL_TAURATE

[28] Upon information and belief, prior to May 2013, TRESemmé Naturals Radiant Volume Conditioner and TRESemmé Naturals Nourishing Moisture Conditioner Aloe Vera and Avocado contained each of the ingredients listed in Paragraph 16(g)(i)-(iv) as well as Stearamidopropyl Dimethylamine, Fragrance and Lauryl Lysine.

[29] http://www.ewg.org/skindeep/ingredient/700820/BRASSICA_CAMPESTRIS%3B%3B_ALEURITES_FORDI_OIL_COPOLYMER/

[30] http://www.ewg.org/skindeep/ingredient/703434/LAUROYL_LYSINE/

[31] http://www.ewg.org/skindeep/ingredient/706289/STEARAMIDOPROPYL_DIMETHYLAMINE/

f. **TRESemmé Naturals Nourishing Moisture Conditioner, Aloe Vera and Avocado and TRESemmé Naturals Radiant Volume Conditioner** additionally contain the following unnatural synthetic ingredients:

i. ***Behentrimonium Chloride* –** a quaternary ammonium salt used as a conditioner.[32]

ii. ***Cetearyl Alcohol* –** a synthetic emulsion stabilizer.[33]

iii. ***Dipropylene Glycol* –** see Paragraph 16(a)(iv).

iv. ***Disodium EDTA* –** see Paragraph 16(a)(v).

v. ***DMDM Hydatoin*** – see Paragraph 16(b)(iii).

vi. ***Methylchloroisothiazolinone* –** see Paragraph 15(c)(ii).

vii. ***Methylisothiazolinone* –** see Paragraph 16(c)(iii).

viii. ***PEG 150 Distearate* –** a synthetic surfactant susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[34]

ix. ***Potassium Chloride* –** a synthetic viscosity controlling agent.[35]

g. **TRESemmé Naturals Vibrantly Smooth Conditioner** additionally contains the following unnatural synthetic ingredients:

i. ***Cetyl Alcohol* –** a synthetic emulsion stabilizer.[36]

ii. ***Distearyldimonium Chloride* –** a quaternary ammonium salt that functions as an antistatic agent and hair conditioning agent.[37]

iii. ***Isopropyl Alcohol* --** a synthetic viscosity controlling agent.[38]

iv. ***Stearyl Alcohol* –** a synthetic emulsion stabilizer.[39]

---

[32] http://www.ewg.org/skindeep/ingredient/700657/BEHENTRIMONIUM_CHLORIDE/

[33] http://www.ewg.org/skindeep/ingredient/701236/CETEARYL_ALCOHOL/

[34] http://www.ewg.org/skindeep/ingredient/704526/PEG-150_DISTEARATE/

[35] http://www.ewg.org/skindeep/ingredient/705191/POTASSIUM_CHLORIDE/

[36] http://www.ewg.org/skindeep/ingredient/701263/CETYL_ALCOHOL/

[37] http://www.ewg.org/skindeep/ingredient/702183/DISTEARYLDIMONIUM_CHLORIDE/

[38] http://www.ewg.org/skindeep/ingredient/703198/ISOPROPYL_ALCOHOL/

19. As set forth herein, Plaintiffs and the members of the Classes described below suffered an ascertainable loss, in that they paid a premium for the Products over comparable products that are not marketed as consisting of natural ingredients. For example, the Products were priced at a premium even compared to TRESemmé brand products that are not marketed as consisting of natural ingredients:

| **Mislabeled natural product** | **Price** | **Price per ounce** |
|---|---|---|
| TRESemmé Naturals Shampoo (Vibrantly Smooth, Nourishing Moisture, Radiant Volume) | $5.89-$6.39/25 oz[40] | $0.24-0.26/oz |
| **Comparable product not labeled "natural"** | **Price** | **Price per ounce** |
| TRESemmé Smooth and Silky Shampoo | $5.99/32oz [41] | $0.19 |
| ***Premium paid per ounce*** | | $0.05-$0.07 |
| ***Premium paid per 25 oz product*** | | ***$1.20-$1.75*** |

[39] http://www.ewg.org/skindeep/ingredient/706325/STEARYL_ALCOHOL/

[40] http://www.drugstore.com/tresemme-naturals-vibrantly-smooth-shampoo/qxp358754?catid=183504

[41] http://www.drugstore.com/tresemme-smooth-and-silky-shampoo/qxp193984

| **Mislabeled natural product**<br><br>TRESemmé Naturals Conditioner (Vibrantly Smooth, Nourishing Moisture, Radiant Volume) | **Price**<br><br>$5.89-$6.39/25 oz[42] | **Price per ounce**<br><br>$0.24-0.26/oz |
|---|---|---|
| **Comparable product not labeled "natural"**<br><br>TRESemmé Smooth and Silky Conditioner | **Price**<br><br>$5.99/32oz[43] | **Price per ounce**<br><br>$0.19 |
| ***Premium paid per ounce*** | | $0.05-$0.07 |
| ***Premium paid per 25 oz product*** | | ***$1.25-$1.75*** |

20. Based on the foregoing, Plaintiffs and the Classes have been damaged.

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and the classes (the "Classes") defined as follows:

a. Plaintiff Morales seeks to represent the following Class (the "California Class"):

All purchasers of the Products in the State of California from August 28, 2010, to the present, who purchased the Products primarily for personal, family or household purposes. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

b. Plaintiff Cohen seeks to represent the following Class (the "Massachusetts Class"):

All purchasers of the Products in the State of Massachusetts from August 28, 2009 to the present, who purchased the Products primarily for personal, family or household purposes. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal

[42] http://www.drugstore.com/tresemme-naturals-vibrantly-smooth-shampoo/qxp358754?catid=183504

[43] http://www.drugstore.com/tresemme-smooth-and-silky-conditioner/qxp193988?catid=183403

representative, heir or assign of Defendant. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

c. Plaintiff Clayman seeks to represent the following Class (the "Florida Class"):

All purchasers of the Products in the State of Florida from August 28, 2009 to the present who purchased the Products primarily for personal, family or household purposes. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

d. Plaintiff Drew seeks to represent the following Class (the "New York Class"):

All purchasers of the Products in the State of New York from August 28, 2010, to the present, who purchased the Products primarily for personal, family or household purposes. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

22. The members of the Classes are so numerous that joinder of all members is impractical, as the products are sold in thousands of stores nationwide, including Walmart, Target and Walgreens. Upon information and belief, the Classes each include thousands of persons who have purchased the Products.

23. Plaintiffs' claims are typical of the claims of the members of the Clases because Plaintiffs' claims, and the claims of all Class members, arise out of the same conduct, policies and practices of Defendant as alleged herein, and all members of the Classes are similarly affected by Defendant's wrongful conduct.

24. There are questions of law and fact common to the Classes and these questions predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

a. whether Defendant markets the Products in a way that is unfair, deceptive, false or misleading to a reasonable consumer;

b. whether, by the misconduct set forth in this Complaint, Defendant has engaged in unfair, deceptive, or unlawful business practices with respect to the advertising, marketing, and sales of its Products;

c. whether the representation "natural" is material to a reasonable consumer;

d. whether Defendant's conduct constitutes fraudulent, unfair, or unlawful conduct; and

e. whether, as a result of Defendant's misconduct alleged herein, Plaintiffs and the Classes are entitled to restitution, injunctive and/or other monetary relief.

25. Plaintiffs will fairly and adequately represent the Classes and have retained counsel experienced and competent in the prosecution of consumer and class action litigation. Plaintiffs have no interests antagonistic to those of other members of the Classes. Plaintiffs are committed to the vigorous prosecution of this action and anticipate no difficulty in the management of this litigation as a class action.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy within the meaning of Rule 23(b) and in consideration of the matters set forth in Rule 23(b)(3)(A)-(D). Because of the amount of the individual Class members' claims relative to the complexity of the litigation and the financial resources of the Defendant, few, if any, members of the Classes would seek legal redress individually for the wrongs complained of here. The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members. Absent a class action, Class members will continue to suffer damages and Defendant's misconduct will proceed without remedy.

**COUNT I**
**(Violation of the Unfair Competition Law (the "UCL") Cal. Bus. & Prof. Code §17200, *et seq*. Based on Fraudulent, Unlawful and Unfair Acts and Practices brought by Plaintiff Morales on behalf of the California Class)**

27. The foregoing allegations are realleged and incorporated by reference as if fully set forth herein.

28. Plaintiff Morales asserts Count I on behalf of herself and the California Class.

29. Under the UCL, "any unlawful, unfair or fraudulent business act or practice" constitutes unfair competition.

***Fraudulent Acts and Practices***

30. Any business act or practice that is likely to deceive members of the public constitutes a fraudulent business act or practice under the UCL.

31. Defendant has engaged, and continues to engage, in conduct that is likely to deceive members of the public. This conduct includes, but is not limited to, representing the Products as "Natural," leading consumers to believe the Products contained only natural ingredients.

32. By committing the acts alleged above, Defendant has engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of Cal. Bus. & Prof. Code §17200.

***Unlawful Acts and Practices***

33. The violation of any law constitutes an unlawful business practice under Cal. Bus. & Prof. Code §17200.

34. Defendant's conduct violates Cal. Health & Safety Code § 111730, which prohibits the sale of any misbranded cosmetic product. The Products, which bear labeling representing them as "Natural," are "false and misleading in any particular" in violation of Health & Safety Code § 111730.

35. By violating Cal. Health & Safety Code § 111730, Defendant has engaged in unlawful business acts and practices which constitute unfair competition within the meaning of

Cal. Bus. & Prof. Code §17200.

***Unfair Acts and Practices***

36.     Any business practice that offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers constitutes an "unfair" practice under the UCL.

37.     Defendant has engaged, and continues to engage, in unfair business practices. This conduct includes representing that the Products are "Natural" when, in fact, they contain numerous synthetic and unnatural ingredients.

38.     Defendant has engaged, and continues to engage, in conduct that violates the legislatively declared policies of Section 5 of the Federal Trade Commission ("FTC") Act, 15 U.S.C. § 45, against committing unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce.  By representing that the Products are "Natural" when, in fact, the Products contain numerous synthetic ingredients, Defendant violated Section 5 of the FTC Act, which prohibits unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce.

39.     Defendant gains an unfair advantage over its competitors, whose advertising must comply with the FTC Act.

40.     Defendant's conduct, including misrepresenting the benefits of the Products, is substantially injurious to consumers.  Such conduct has caused, and continues to cause, substantial injury to consumers because consumers would not have paid such a high price for the Products but for Defendant's false promotion that the Products are "Natural."  Consumers have thus overpaid for the Products and such injury is not outweighed by any countervailing benefits to consumers or competition.

41.     No benefit to consumers or competition results from Defendant's conduct.  Since consumers reasonably rely on Defendant's representations of the products and injury results from ordinary use of the Products, consumers could not have reasonably avoided such injury.

42.     By committing the acts alleged above, Defendant has engaged in unfair business

acts and practices which constitute unfair competition within the meaning of the UCL.

43. As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiff, and the California Class.

44. An action for injunctive relief and restitution is specifically authorized under Cal. Bus. & Prof. Code §17203.

45. Wherefore, Plaintiff prays for judgment against Defendant, as set forth above.

**COUNT II**
**(Violation of the Consumers Legal Remedies Act (the "CLRA"), Cal. Civ. Code §1750 *et seq.*, brought by Plaintiff Morales on behalf of the California Class)**

46. The foregoing allegations are realleged and incorporated by reference as if fully set forth herein.

47. Plaintiff Morales asserts Count II on behalf of herself and the California Class.

48. Plaintiff Morales and each member of the California Class are "consumers" within the meaning of Cal. Civ. Code §1761(d).

49. The purchases of the Products constitute "transactions" within the meaning of Cal. Civ. Code §1761(e) and the Products offered by Defendant constitute "goods" within the meaning of Cal. Civ. Code §1761(a).

50. The acts and practices of Defendant as described above were intended to deceive Plaintiff and members of the California, and have resulted, and will result, in damages to Plaintiff and the California Class. These actions violated and continue to violate the CLRA in at least the following respects:

a. In violation of Section 1770(a)(5) of the CLRA, Defendant's acts and practices constitute representations that the Products have characteristics, uses and/or benefits which they do not;

b. In violation of Section 1770(a)(7) of the CLRA, Defendant's acts and practices constitute representations that the Products are of a particular standard, grade or quality which they are not; and

c. In violation of Section 1770(a)(9) of the CLRA, Defendant's acts and practices constitute the advertisement of the goods in question without the intent to sell them as advertised.

51. By reason of the foregoing, Plaintiff and the California Class have suffered an ascertainable loss and damages.

52. By committing the acts alleged above, Defendant engaged in unfair competition or unfair, unconscionable, deceptive, or unlawful acts or business practices in violation of the CLRA.

53. Defendant knew, or should have known, that the Products were not natural.

54. Pursuant to Cal. Civ. Code § 1781(a) Plaintiff and members of the California Class are entitled to damages based upon Defendant's violation of the CLRA.

55. Pursuant to Cal. Civ. Code § 1780(1)(2), Plaintiff and members of the California Class are also are entitled to an order enjoining the above-described wrongful acts and practices of Defendant, and ordering the payment of costs and attorneys' fees and any other relief deemed appropriate and proper by the Court under Cal. Civ. Code § 1780.

56. Wherefore, Plaintiff prays for judgment against Defendant, as set forth below.

## COUNT III
**(Violation of the Massachusetts Consumer Protection Act (the "MCPA"), Mass. Gen. Laws Ann. ch. 93A)**
**(Brought by Plaintiff Cohen on Behalf of the Massachusetts Class)**

57. Plaintiff Cohen restates the foregoing allegations as though fully pled herein.

58. Plaintiff Cohen asserts Count III behalf of herself and the the Massachusetts Class.

59. Defendant is engaged in trade or commerce in the State of Massachusetts because Defendant offers for sale and distributes the Products in the State of Massachusetts.

60. Upon information and belief, Defendant does not maintain a place of business or keep assets in the State of Massachusetts.

61. By representing that the Products are "Natural" when the Products contain numerous unnatural synthetic ingredients, Defendant has engaged in unfair methods of

competition and unfair and deceptive acts and practices within the meaning of Mass. Gen. Laws Ann. ch. 93A, § 2(a).

62. Upon information and belief, Defendant knew that the Products were not natural.

63. Plaintiff and the Massachusetts Class suffered an injury as a result of Defendant's unlawful acts and practices by paying a premium for the Products over comparable products that are not represented to be Natural.

64. Wherefore, Plaintiff and the Massachusetts Class are entitled to damages and other appropriate relief, as set forth below.

**COUNT IV**

**(Violation of New York General Business Law § 349)**
**(Brought by Plaintiff Drew on Behalf of the New York Class)**

65. Plaintiff Drew restates the foregoing allegations as though fully pled herein.

66. Plaintiff Drew asserts Count IV behalf of himself and the New York Class.

67. Defendant's sale of the Products and representations made on the Products' labels were directed at consumers.

68. By representing that the Products are "Natural" when the Products contain numerous unnatural synthetic ingredients, Defendant has engaged in deceptive acts and practices within the meaning of New York General Business Law § 349.

69. Plaintiff and the New York Class suffered an injury as a result of Defendant's unlawful acts and practices by paying a premium for the Products over comparable products that are not represented to be natural.

70. Wherefore, Plaintiff and the New York Class are entitled to damages and other appropriate relief, as set forth below.

**COUNT V**

**(Violation of the Florida Deceptive and Unfair Trade Practices Act, F.S.A. § 501.201 *et seq.*)**
**(Brought by Plaintiff Clayman on Behalf of the Florida Class)**

71. Plaintiff Clayman restates the foregoing allegations as though fully pled herein.

72. Plaintiff Clayman asserts Count V behalf of herself and the Florida Class.

73. By representing that the Products are "Natural" when the Products contain numerous unnatural synthetic ingredients, Defendant has engaged in unfair and deceptive acts and practices and unfair methods of competition within the meaning of F.S.A. § 501.204.

74. Plaintiff and the Florida Class suffered an injury as a result of Defendant's unlawful acts and practices by paying a premium for the Products over comparable products that are not represented to be Natural.

75. Wherefore, Plaintiff and the Florida Class are entitled to damages and other appropriate relief, as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief against Defendant as follows:

A. For an Order certifying the Classes described herein and appointing Plaintiffs as Class Representatives and their attorneys as Class Counsel;

B. that the court order Defendant to notify each and every class member who purchased the Products of the pendency of the claims in this action;

**With respect to the California Class:**

C. that the Court preliminarily and permanently enjoin Defendant from conducting its business through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in this Complaint;

D. that the Court order Defendant to pay damages and/or restitution to restore to all affected persons all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or a fraudulent business act or practice, untrue or misleading advertising, plus pre- and post-judgment interest thereon;

E. that the Court order Defendant to disgorge all monies wrongfully obtained and all revenues and profits derived by Defendant as a result of its acts or practices as alleged in this Complaint;

F. that the Court grant Plaintiffs their reasonable attorneys' fees and costs of suit pursuant to Cal. Civ. Proc. Code § 1021.5, Cal. Civ. Code § 1780(e), the common fund doctrine and/or any other appropriate legal theory;

G. that the Court award exemplary damages pursuant to Cal. Civ. Code § 3294;

**With respect to the Massachusetts Class:**

H. actual damages or statutory damages in the amount of twenty-five dollars, whichever is greater;

I. appropriate equitable relief;

J. double or treble damages;

K. attorneys' fees and costs;

**With respect to the New York Class:**

L. actual damages or statutory damages in the amount of fifty dollars, whichever is greater;

M. that the Court enjoin Defendant's unlawful practices described in this Complaint;

N. attorneys' fees and costs;

**With respect to the Florida Class:**

O. actual damages;

P. attorney's fees and costs;

Q. a declaration that Defendant's conduct violates the Florida Deceptive and Unfair Trade Practices Act; and

**With respect to the Classes:**

R. grant such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all causes of action so triable.

DATED: April 30, 2014

Respectfully submitted,

By: /s/ Alan R. Plutzik
Alan R. Plutzik (State Bar No. 77785)
Michael S. Strimling (State Bar No. 96135)
**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER LLP**
2125 Oak Grove Road
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
aplutzik@bramsonplutzik.com
mstrimling@bramsonplutzik.com

Mark P. Kindall (State Bar No. 138703)
Robert A. Izard *(pro hac vice forthcoming)*
Jeffrey S. Nobel *(pro hac vice forthcoming)*
Nicole A. Veno (admitted *pro hac vice)*
**IZARD NOBEL LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290

Joseph J. DePalma (admitted *pro hac vice)*
Katrina Carroll *(pro hac vice forthcoming)*
**LITE DEPALMA GREENBERG, LLC**
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com
kcarroll@litedepalma.com

*Attorneys for Plaintiffs*