Alan R. Plutzik (State Bar No. 77785)
Michael S. Strimling (State Bar No. 96135)
**BRAMSON, PLUTZIK, MAHLER**
**& BIRKHAEUSER LLP**
2125 Oak Grove Road
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
aplutzik@bramsonplutzik.com
mstrimling@bramsonplutzik.com

Mark P. Kindall (State Bar No. 138703)
Robert A. Izard (*Admitted pro hac vice*)
**IZARD, KINDALL & RAABE, LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
mkindall@ikrlaw.com
rizard@ikrlaw.com

*Attorneys for Plaintiffs*
[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBA MORALES; LAINIE COHEN; LINDA CLAYMAN; and KENNETH DREW, on behalf of themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CONOPCO INC., d/b/a UNILEVER,<br><br>　　　　　Defendant. | CIV. NO. 2:13-cv-2213 WBS EFB<br><br>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND CASE CONTRIBUTION AWARDS**<br><br>Date: October 17, 2016<br>Time: 1:30 p.m.<br>Courtroom 5, 14th Floor<br>Hon. William B. Shubb |

# INTRODUCTION

Plaintiff Alba Morales, Kenneth Drew, Lainie Cohen and Linda Clayman ("Plaintiffs") submit this memorandum of law (a) to provide the Court with an update on execution of the Notice Plan and the claims administration process; and (b) to respond to the sole objection which has been filed to Plaintiffs' Motion for Approval of Class Action Settlement (the "Final Approval Motion") and Motion for Award of Attorneys' Fees, Reimbursement of Expenses and Case Contribution Awards (the "Fee & Expense Motion").

## SUCCESS OF NOTICE PROGRAM

As noted in the Supplemental Declaration of Jay Geraci ("Geraci Supp. Decl."), submitted herewith, the Notice Program was fully executed in accordance with the Notice Plan approved by the Court in its Preliminary Approval Order (ECF No. 63). KCC, the Notice and Claims Administrator, is confident that the notice reached over 70 percent of the Settlement Class. Geraci Supp. Decl. at ¶ 5.

## REACTION OF THE SETTLEMENT CLASS

As of yesterday, October 6, 2016, 179,676 class members have submitted proofs of claim, with an aggregate value of $6,964,930. Since the total revenue for all of the Products sold was just over $100 million, this suggests that approximately seven percent of the Class filed claims. That is a better-than-expected percentage in a case involving consumer products which retail for less than $5 each.

Two people sent communications to the Claims Administrator indicating that they did not want to be part of the Settlement.[1] In addition, one Class Member has filed an objection, which will be addressed below. Given the many thousands of claims that have been filed, the very small number of opt-outs and objections indicates that the Class as a whole supports the Settlement and the Fee & Expense Motion. *See, e.g., Anderson-Butler v. Charming Charlie Inc.,* No. CV 2:14-01921 WBS AC, 2015 WL 6703805, *6 (E.D. Cal. Nov. 3, 2015) (noting that the lack of large numbers of

---

[1] Plaintiffs will submit an amended Proposed Final Order that specifically excludes these individuals from the Class.

Memorandum of Law in Further Support of Final Approval Motion and Motion for Fees & Expenses.
Case No. 2:13-cv-2213 WBS EFB

2

objectors "raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."); *see also Alberto v. GMRI, Inc.,* No. CIV 07-1895 WBS DAD, 2008 WL 4891201, at *10 (E.D. Cal. Nov. 12, 2008) (same).

## PRELIMINARY DISTRIBUTION CALCULATION

The total value of all claims will change, both because more will be filed in the next two and a half weeks and because the Claims Administrator has not yet completed the review of claims to screen out claims that might be fraudulent or sent by members of the same household. However, since we are over ten weeks into the claims process, an estimate of the amount that class members will receive through distribution of the Settlement Fund based on current numbers may be useful to the Court.

The total amount of the gross settlement fund is $3.25 million. *If* the Court grants Plaintiffs' request for an award of attorneys' fees and expenses in full, $2.38 million would remain. The cost of notice and claims administration should not exceed $614,579.15 (Suppl. Geraci Decl. at ¶ 15), which would leave a net Settlement Fund of $1,765,000. The total value of claims filed as of the date of this filing, based on the Plan of Allocation's $5 per-product limit, is $6,964,930.[2] Distributing $1.765 million to claimants with an aggregate value of claims equal to $6,964,930, would result in a recovery of $1.26 for each bottle of product claimed (for a maximum of ten products unless the claimant presented adequate proofs of purchase).[3]

A per-Product recovery of $1.26 represents a premium of 185 percent above even Plaintiffs' calculation of damages in this case. As discussed more fully in the Final Approval Brief, Plaintiffs

---

[2] The $5 per product limit was somewhat higher than the average price of the Products. This amount was not based on Plaintiffs' damages estimate at all, but rather was designed to avoid potential windfalls in the event that few class members actually filed claims (which has turned out not to be a problem). As the Ninth Circuit reaffirmed just last week, "a plaintiff cannot be awarded a full refund unless the product she purchased was worthless" and thus "the district court corrected limited damages to the difference between the prices customers paid and the value of the [product] they bought – in other words, the 'price premium' attributable to" the "natural" label. *Brazil v. Dole Packaged Foods, LLC,* No. 14-17480 (9th Cir. Sept. 30, 2016). As discussed above, the per-product price premium in this case was approximately sixty-eight cents.

[3] The $1.26 per bottle recovery was calculated by dividing the amount to be distributed to claimants ($1,765,000) by the aggregate value of the claims ($6,964,930) and multiplying it by the $5 per product limit (($1,765,000 / $6,964,930) x $5 = $1.26).

Memorandum of Law in Further Support of Final Approval Motion and Motion for Fees & Expenses.
Case No. 2:13-cv-2213 WBS EFB

3

estimate that Defendants' "naturals" representation caused the average per-product price of each Product to be inflated by approximately sixty-eight cents. Final Approval Motion, at 17. As this Court has noted, a settlement is fair and equitable where class members filing claims would recover amounts comparable to their injuries. *Anderson-Butler v. Charming Charlie Inc.,* No. CV 2:14-01921 WBS AC, 2015 WL 6703805, at * 6 (E.D. Cal. Nov. 3, 2015); *Alberto v. GMRI, Inc.,* No. CIV 07-1895 WBS DAD, 2008 WL 4891201, at *9 (E.D. Cal. Nov. 12, 2008).

## RESPONSE TO OBJECTION

Steven Helfand, an attorney with offices in Florida, filed an objection as a purchaser of the Products and class member. A copy is attached hereto as Exhibit A. He objects to the scope of the release in the Settlement and to Class Counsel's lodestar calculation. Notably, Mr. Helfand has not advanced any objection to (a) the amount obtained in settlement; (b) the Plan of Allocation; (c) the request for reimbursement of litigation expenses; or (d) the request for class representative awards.

Mr. Helfand's objection to the Settlement is based on his mistaken belief that "claims for personal injury are released" and his derivative claim that the notice is "shockingly . . . silent as to this fact." Helfand Obj. at 1. However, the release is limited to "any and all claims . . . ***arising out of or related to the product representations complained of in this Action.***" Settlement, ECF No. 66-3, at ¶ 16. The Complaint alleged that "[t]he term 'Naturals,' which appears prominently next to a green leaf on the PDP of each product, is false and misleading to a reasonable consumer because the Products contain synthetic ingredients." Compl., ¶ 2 (ECF No. 31). The Complaint further alleged that these representations allowed Defendant to charge an unjustified premium price for the Products. *Id.,* ¶¶ 19-20. This is the only injury claimed in the Complaint. The Complaint had nothing to do with product safety and the release does not extend to personal injury claims,[4] and

---

[4] For example, Mr. Helfand claims that he "suffered personal injury from the use of the settling defendant's products; including, skin rashes." In Florida, where Mr. Helfand's law office is located, product liability claims only require proof that (a) the product is defective; and (b) the defect caused plaintiff's injuries. *See, e.g., Liggett Grp., Inc. v. Davis,* 973 So. 2d 467, 475 (Fla. Dist. Ct. App. 2007) (citing *Jennings v. BIC Corp.,* 181 F.3d 1250, 1255 (11th Cir.1999)). Liability thus does not depend on label representations *at all,* much less the very specific and limited label representations at issue in this case and covered by the release.

Memorandum of Law in Further Support of Final Approval Motion and Motion for Fees & Expenses.
Case No. 2:13-cv-2213 WBS EFB

4

Defendant has acknowledged that to be the case. *See* Defendant's Response to Objection Filed by Steven Helfand, ECF No. 68, at 2.

Mr. Helfand appears to have raised the same objection to the settlement in *Brown v. Hain Celestial Grp., Inc.,* No. 3:11-CV-03082-LB, 2016 WL 631880, at *9 (N.D. Cal. Feb. 17, 2016) (noting that one of the objections was that the release did not exclude claims for personal injury). There, as here, the release was limited to the "natural" misrepresentation claims set out in the complaint. The *Brown* court rightly overruled the objection and held that "the release is limited to claims at issue in the case and does not (for example) include personal-injury claims." *Id.,* at *10.

Mr. Helfand also argues that Class Counsel's lodestar is inflated (Helfand Obj. at 2) but never addresses whether the requested 25 percent "benchmark" fee award is itself inappropriate. The point of conducting a lodestar crosscheck is not so much to determine the fee as to ascertain whether the requested percentage would result in an unfair windfall. *See, e.g., Sykes v. Harris,* No. 09 Civ. 8486 (DC), 2016 WL 3030156, at *16 (S.D.N.Y. May 24, 2016) (crosscheck designed to provide a "rough indicator of the propriety of the fee request."). Given that the fee request reflects a lodestar multiple of only 1.09 as of September 12, 2016, and factoring in additional time that counsel will spend on the matter in preparation of this response, preparing for and attending the Fairness Hearing, and working with the Claims Administrator to effectuate payments in accordance with the Plan of Allocation, a 25 percent fee is approximately equal to counsel's final lodestar, if not less. The Ninth Circuit has held that lodestar multiples of up to 4 are common, with the majority being in the range of 1.5-3.0. *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1051 (9th Cir. 2002). If the Court were to discount two thirds of Class Counsel's lodestar – which there are absolutely no grounds to do – the resulting lodestar multiple would still provide no reason to question the propriety of the requested benchmark fee.

Turning to the substance of Mr. Helfand's lodestar critique, the number of hours reported are not inflated "by duplicative time consumptions." The litigation lasted for over three years, involved a substantial initial investigation, drafting of a complaint and multiple amended complaints, full briefing and argument on the Motion to Dismiss, lengthy fact discovery (including 30(b)(6) and fact

Memorandum of Law in Further Support of Final Approval Motion and Motion for Fees & Expenses.
Case No. 2:13-cv-2213 WBS EFB

5

witness depositions, class representative depositions, and the production and review of over 200,000 pages of documents), work with an expert marketing consultant who conducted a survey and conjoint analysis for purposes of assisting in the estimation of damages, mediation, work on crafting a plan of allocation and appropriate notice plan and negotiating a settlement and shepherding it through the approval process. Under the circumstances, the 1400 hours devoted to this litigation by plaintiffs' counsel, as detailed in the papers supporting the fee request, are entirely reasonable. By way of comparison, this Court found that 2159 hours was reasonable in a class action spanning four years where there was no substantive motion practice and a small document production to review. *Zakskorn v. Am. Honda Motor Co.,* No. 2:11-CV-02610-KJM, 2015 WL 3622990, at \*15 (E.D. Cal. June 9, 2015) (citing *Pelletz v. Weyerhaeuser Co.,* 592 F.Supp.2d 1322, 1327 (W.D. Wash. 2009) (2,407 hours) and *Trew v. Volvo Cars of N. Am., LLC,* 2007 WL 2239210, at \*5 (E.D. Cal. July 31, 2007) (3,621.4 hours of work over four years)). As the court noted in *In re Crocs, Inc. Sec. Litig.,* No. 07-CV-02351-PAB-KLM, 2014 WL 4670886, at \*4 (D. Colo. Sept. 18, 2014), in support of its finding that 3,800 hours were reasonably spent on the litigation based on the complexity and length of the case, "counsel in a contingent fee action has little incentive to work more hours than necessary." (citing *Been v. O.K. Indus., Inc.,* 2011 WL 4478766, at \*7 (E.D. Okla. Aug. 16, 2011).

Mr. Helfand's claim that the lodestar improperly reflects "usage of highly paid attorneys performing work that should have been performed by associates, paralegals and support staff" (Helfand Obj. at 2) is also incorrect. Most of the factual investigation of the claims, legal research and initial drafting of pleadings and discovery requests, coordination of document review and work with clients on discovery responses, totaling over 380 hours, was done by Nicole Veno, who also participated in meet and confer sessions with opposing counsel and coordinated, assisted in preparation for and second-chaired all of the depositions. Ms. Veno billed at $350 per hour. Primary review of documents obtained in discovery was mostly done by Jennifer Somers of Izard, Kindall & Raabe, LLP ("IKR") and Mary Jo Pizza of Lite DePalma & Greenberg, LLP, who collectively billed over 320 hours at a uniform $300 per hour. Douglas Needham and Seth Klein, more senior attorneys at IKR, contributed over 75 hours drafting specific briefs and supporting

Memorandum of Law in Further Support of Final Approval Motion and Motion for Fees & Expenses.
Case No. 2:13-cv-2213 WBS EFB

6

papers related to Defendant's Motion to Dismiss and the Motion for Preliminary Approval. Most of the remaining time – approximately 440 hours' worth – was provided by Mark Kindall, the partner with primary responsibility for the day-to-day management of the case, making arguments in court, working with the damages expert, conducting the bulk of the depositions, communicating with opposing counsel, finalizing filings, preparing the mediation submission, interviewing potential notice and claims administrators, working with them to develop a notice plan and a suitable plan of allocation, negotiating the settlement agreement text and working to get it approved. The IKR partner on the case with the highest billing rate, Robert Izard, billed less than ten percent of the total time included in the lodestar, providing strategic guidance, reviewing significant filings, defending one of the client depositions and taking a key role in both framing the issues in the case and the lead role in the mediation process. The division of labor was appropriate to the experience and talents of the attorneys involved. *See* Supplemental Declaration of Mark Kindall, attached hereto. Of course, the Court is more than welcome to review Counsel's contemporaneous time records if it believes that it would be helpful to do so.[5]

Mr. Helfand finally complains that the rates indicated in the lodestar calculation are "inflated, excessive, and outside of local norms." Helfand Obj. at 2. As laid out in Plaintiff's initial fee brief and supporting papers, however, Class Counsel have used their current normal rates which have been approved by numerous courts in class action litigation across the country. The lodestar reflects a blended rate of $527 per hour, which is reasonable for the level of expertise required for, and of risk associated with, a nationwide class action like this case. As noted in Plaintiffs' initial brief, moreover, even using a significantly lower blended rate would not bring the lodestar multiple up beyond the bottom of the common range. Pl. Fee & Expense Motion, at 6. As the *Crocs* court observed,

> A thorough analysis of hourly rates charged by the attorneys who worked on this case would likely reveal that the claimed rates are, in some instances,

---

[5] Plaintiffs provided summaries of time by attorney rather than daily time records because, in counsel's experience, most courts have preferred that format when lodestar is being used as a cross-check rather than the primary means for setting fees. *See* Pl. Fee & Expense Motion at 15 n.5 (citing cases).

Memorandum of Law in Further Support of Final Approval Motion and Motion for Fees & Expenses.
Case No. 2:13-cv-2213 WBS EFB

7

higher than the rates charged by attorneys of similar skill and experience in the Denver legal market. However, even if some of the claimed rates are high, the requested fee of $3 million is a 1.23 multiple of the lodestar and well below what courts in this District typically award in collective actions. Thus, the Court concludes that the lodestar cross check supports the requested fee award.

*Crocs, Inc. Sec. Litig.,* 2014 WL 4670886, at *4.

Plaintiffs respectfully suggest that Mr. Helfand's critique of Class Counsel's lodestar is incorrect, and does not in any way undermine the reasonableness of the requested 25 percent fee award.

## CONCLUSION

For the reasons set forth above, and in the other papers filed in support of the Final Approval Motion and the Fee & Expense Motion, Plaintiffs respectfully request that the Court approve the Settlement, Class Counsel's request for attorneys' fees and expenses, and the Class Representatives' requests for case contribution awards.

Dated:  October 7, 2016                              Respectfully submitted,

By: /s/ Robert A. Izard
Robert A. Izard *(admitted pro hac vice)*
Mark P. Kindall (State Bar No. 138703)
**IZARD, KINDALL & RAABE, LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
mkindall@ikrlaw.com
rizard@ikrlaw.com

Alan R. Plutzik (State Bar No. 77785)
**BRAMSON, PLUTZIK, MAHLER
& BIRKHAEUSER LLP**
2125 Oak Grove Road
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
aplutzik@bramsonplutzik.com

Joseph J. DePalma (admitted *pro hac vice)*
Katrina Carroll (*pro hac vice* forthcoming)
**LITE DEPALMA GREENBERG, LLC**
Two Gateway Center, 12th Floor
Newark, New Jersey 07102

Memorandum of Law in Further Support of Final Approval Motion and Motion for Fees & Expenses.
Case No. 2:13-cv-2213 WBS EFB

8

Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com
kcarroll@litedepalma.com

Nicole A. Veno (admitted *pro hac vice*)
**LAW OFFICE OF NICOLE VENO**
573 Hopmeadow Street
Simsbury, CT 06070
Telephone: (860) 474-4024
Facsimile: (860) 717-3207
nveno@venolaw.com

*Attorneys for Plaintiffs*

Memorandum of Law in Further Support of Final Approval Motion and Motion for Fees & Expenses.
Case No. 2:13-cv-2213 WBS EFB

9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of the attached Memorandum of Law in Further Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards, together with the Attached Supplemental Declarations of Mark P. Kindall and Jay Geraci, via the CM/ECF system on October 7, 2016.

DATED:  October 7, 2016                              */s/*  Robert A. Izard
                                                                          Robert A. Izard

Memorandum of Law in Further Support of Final Approval Motion and Motion for Fees & Expenses.
Case No. 2:13-cv-2213 WBS EFB

10

# EXHIBIT A

Steven F. Helfand
# Law Offices of Steven F. Helfand
910 West Avenue, Unit 438
Miami Beach, FL 33139
TELEPHONE: 415.596.5611
EMAIL: SH4078@GMAIL.COM

---

September 26, 2016

**Via First Class Mail**

Clerk of Court
Eastern District of California
Robert T. Matsui United States Courthouse
501 I Street
Sacramento, CA 95814

Re:   OBJECTION AND NOTICE OF INTENT TO APPEAR
      Morales, et al. v. Conopco, Ind. d/b/a Unilever
      2:13-cv-02213 (E.D. Cal.)

To whom it may concern:

    I am a class member. In this regard, I purchased at least one of the following TRESemme Naturals products: Nourishing Moisture Shampoo, Nourishing Moisture Conditioner, Radiant Volume Shampoo, Radiant Volume Conditionerer, Vibrantly Smooth Shampoo, or Vibrantly Smooth Conditioner. I submitted a claim.

    Shockingly, claims for personal injury are released and the notice is silent as to this fact. The release is overbroad and notice is grossly inadequate and in violation of the Ninth Circuit's *Molski* decision. I suffered personal injury from the use of the settling defendant's products; including, skin rashes. The internet

reflects many similar accounts by class members. This proposed settlement should not be a "get out of jail free card" for defendant to poison the class. The release and notice needs substantial revision.

Class counsel is misleading the court about its lodestar and multiplier. In this case, the lodestar is inflated based on excessive hourly rates, duplicative time consumptions, and usage of highly paid attorneys performing work that should have been performed by associates, paralegals and support staff. All rates are inflated, excessive, and outside of local norms. Contemporaneous time records for all counsel should be produced.

This letter is executed under penalty of perjury pursuant to the laws of the United States of America. It was executed in Miami Beach, Florida on September 26, 2016.

Very truly yours,

Steven F. Helfand

S. Helfand
910 West Ave, Unit 438
Miami Beach, FL 33139

MIAMI FL 331
27 SEP 2016 PM 2 L

Mark P. Kindall
IZARD KINDALL & RAABE LLP
29 South Main Street, Suite 305
West Hartford, CT 06107

06107-242080